183 So.2d 839 (1966)
George M. COGGAN, Appellant,
v.
Sarah M. COGGAN, Appellee.
Nos. 4469, 5043, 5553.
District Court of Appeal of Florida. Second District.
February 25, 1966.
Rehearing Denied March 23, 1966.
*840 Dick Lee and Ralph L. Bernstein, Sarasota, for appellant.
Charles E. Early, of Early & Early, Sarasota, for appellee.
PER CURIAM.
Appellant, defendant below, brings three appeals from decrees entered by the chancellor in favor of appellee, plaintiff below. Since all three cases involve a continuing set of related circumstances involving awards of attorneys' fees, we have consolidated them for our consideration.
Case Number 4469 began as an action for separation unconnected with divorce and was later amended to be a divorce action. The litigation began in 1960, and on January 21, 1963, the chancellor entered an extensive and detailed final decree, reserving jurisdiction for the purpose of determining an award of attorney fees and suit money. On August 13, 1963, the chancellor entered an order awarding plaintiff-wife suit money in the amount of $1,019.38 and attorneys' fees amounting to $9,000.00.
Defendant-husband has appealed this award contending in essence that it is excessive and shocking. In spite of the prolonged litigation resulting in an extensive record of over 600 pages and the fact that both sides felt the circumstances of this *841 case alone necessitated the filing a total of some fourteen briefs and appendices relating to various aspects of the appeal, defendant claims the case was merely a "run of the mill" divorce and the award of attorneys' fees was therefore too high.
We do not share this view. It has long been the law in Florida that awards of maintenance, alimony and suit money, including attorneys' fees, are controlled by the circumstances of the parties and the discretion of the chancellor. Longino v. Longino, 67 So.2d 203 (Fla. 1953). The party seeking a reversal of such an award has the burden of establishing its unreasonableness or abuse of discretion on the part of the chancellor. Hardy v. Hardy, 118 So.2d 106 (D.C.A.Fla. 1960); Dworkis v. Dworkis, 111 So.2d 70, 72 A.L.R.2d 1189 (D.C.A.Fla. 1959). Without detailing the extensive amount of evidence and testimony presented as to a reasonable attorneys' fees, suffice it to say it was enough to support the chancellor's award. Defendant has failed to demonstrate any abuse of discretion by the chancellor, and his award of attorneys' fees in Case Number 4469 is hereby affirmed.
Case Number 5043, also an appeal by defendant, involves an order entered by the chancellor subsequent to the award of attorneys' fees. After defendant had filed his notice of appeal in Case Number 4469, plaintiff filed a motion with the court below for a judgment in the amount of the original award. The motion also requested that said judgment include interest from the date the fees were due. The Chancellor denied the motion as far as a judgment on the decree was concerned, but entered an order providing for interest on the attorneys' fees in the amount of six per cent per annum and what amounts to a judgment against defendant for interest accrued of $218.12. Defendant has appealed this claiming error by the chancellor in entering the order.
In ordering that interest was to run with the decree awarding attorneys' fees, the chancellor was merely giving effect to what had already been done by operation of law. Section 55.03, Fla.Stats., F.S.A., provides that, "All judgments (and decrees) shall bear interest at the rate of six per cent per annum * * *." Since the chancellor had already entered a decree awarding attorneys' fees, it automatically carried interest at six per cent per annum and his subsequent order to that effect was mere surplusage.
In its present form the order appealed from appears to be a judgment for a sum certain which would itself bear interest under Sec. 55.03, Fla. Stat., F.S.A. Under such concept this would award compound interest on the sum awarded in the prior decree, which may not be done. Dezen v. Slatcoff, Fla. 1953, 65 So.2d 484; Deno v. Smith, 1931, 103 Fla. 282, 137 So. 248, 140 So. 335. However, in substance the order is nothing more than a declaration that statutory interest on the original award had accumulated to that date in the sum mentioned. As it is substance and not form that controls, the order does not constitute an independent judgment which would bear the statutory interest.
Defendant claims the chancellor had no jurisdiction to enter the order because the original decree awarding attorneys' fees was a final order, and the chancellor did not reserve jurisdiction in that decree. The fallacy in that argument is all too plain. It is axiomatic that a court has the power to enforce its orders, judgments and decrees by appropriate action. The judgment for interest in the amount of $218.12 was a method of enforcement. It should also be pointed out that while the original award of attorneys' fees was under appeal to this court at the time the chancellor entered his second order, enforcement of that award had not been stayed nor superseded. Cf. Ginsberg v. Ginsberg, 123 So.2d 57 (D.C.A.Fla. 1960).
In view of the foregoing, the chancellor's decree in Case Number 5043 is affirmed.
*842 Plaintiff filed a motion to dismiss the appeal in Case Number 5043 on the grounds that defendant's notice of appeal was defective. On the authority of the recent decisions of the Supreme Court of Florida in Robbins v. Cipes et al., 181 So.2d 521, opinion filed January 5, 1966; and Greyhound Corp. v. Carswell, 181 So.2d 638, opinion filed January 5, 1966, plaintiff's motion is hereby denied.
Case Number 5553 is an appeal by defendant from another award of attorneys' fees and costs incurred by plaintiff in proceedings subsequent to the entry of the final decree. The chancellor awarded $2,025.00 attorneys' fees and $234.00 costs to be paid by defendant for "* * * subsequent proceedings * * * enforcing the provisions of the Final Decree. * * *" While the chancellor's order does not specifically state the exact nature of these proceedings, defendant maintains that the proceedings were not those contemplated by § 65.16, Fla.Stats., F.S.A., providing for a reasonable attorney's fee to a divorced wife for legal proceedings brought for the purpose of enforcing a decree or order providing for the payment of alimony or child support. Defendant lists several proceedings, only one of which he contends is within the meaning of the statute. These include proceedings to obtain authorization for the sale of the family home and the purchase of a new home pursuant to the Final Decree; proceedings resulting from defendant's motions for new trial; motions by defendant to modify visitation and custody rights; a rule to show cause brought against defendant; and appeal proceedings before this court where we awarded plaintiff an attorneys' fee of $150.00.
In Simpson v. Simpson, 63 So.2d 764 (Fla. 1953), it was held that § 65.16, Fla.Stats., F.S.A., should be given a broad and liberal interpretation. A divorced wife is entitled to attorney's fees under § 65.16 in instances where it is necessary for her to either go into court or she is brought into court for the purposes of securing or defending her financial rights under the divorce decree. State ex rel. Paine v. Paine, 166 So.2d 708 (D.C.A.Fla. 1964). The record before us indicates that the proceedings subsequent to the entry of the final decree were within the meaning of § 65.16. The only exception would be the appellate proceedings where this Court has already awarded attorneys' fees. Where such fees have been awarded by the appellate court, a lower court may not award an additional fee for the same services. Anderson v. Anderson, 180 So.2d 360 (D.C.A.Fla. 1965). The chancellor's order, however, comes to us with a presumption of correctness. We must therefore assume, absent a showing to the contrary, that in making the award of additional attorneys' fees the chancellor did not consider the appellate work for which plaintiff had already been awarded a fee. In the instant case defendant has failed to demonstrate that the chancellor considered the appellate work in his award. As a matter of fact, one of plaintiff's attorneys, while testifying as to his services in the subsequent proceedings, stated that he had not included such appellate work in computing the amount of time spent on the case.
Defendant also argues that the award was excessive, but we do not find this to be so. As was stated above, an award of attorneys' fees rests within the chancellor's discretion. Defendant has failed to demonstrate an abuse of that discretion. The chancellor's award in Case Number 5553 is therefore affirmed.
The motion filed by the defendant styled "Motion for Control of the Appellate Court Pursuant to Rule 3.8 [31 F.S.A.]" seeking a denial of plaintiff's application for extension of time and leave to file her designations to the reporter and directions to the clerk, notwithstanding the granting of plaintiff's application by the trial court is hereby denied.
SHANNON, Acting C.J., LILES, J., and WILLIS, BEN C., Associate Judge, concur.