419 So.2d 670 (1982)
AMERICAN INDEMNITY COMPANY, et al., Appellants,
v.
George COMEAU, Appellee.
No. 82-47.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
Rehearing Denied September 22, 1982.
*671 Lester A. Lewis of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellants.
James A. Scott, Jr., of Sylvan A. Wells, P.A., Daytona Beach, for appellee.
COWART, Judge.
In a suit by the appellee insured on uninsured motorist coverage, appellant insurance company invoked an arbitration clause in the policy. The arbitrators awarded the insured damages. The trial court confirmed the award and entered final judgment for damages plus $1,047.50 costs. The insurance company appeals the cost award, contending that a provision of the insurance policy arbitration clause that "each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally" amounts to the arbitration agreement's "providing otherwise" within the meaning of section 682.11, Florida Statutes (1982):
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpires' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
We cannot agree with appellant. Costs may always be taxed by the court against an insurance company in arbitration concerning uninsured motorist coverage. Since statutorily mandated uninsured motorist *672 coverage is statutorily described, to the extent that any insurance policy provision attempts to limit or substract from statutory coverage, such provision is void.[1] Therefore, a provision in any arbitration clause of an insurance policy providing uninsured motorist coverage requiring each party to bear his own costs is an invalid attempt to reduce statutory coverage.[2]
Appellant also contends that, since costs were not "provided in the award," the trial court could not award costs except by a timely petition to modify the arbitration award under section 682.14, Florida Statute (1982). The cases[3] cited by appellant hold that only where a party seeks an award of arbitrator's fees, the award of such fees must be made in the award itself or after a timely petition to modify the award.
Section 682.15, Florida Statutes (1982), provides in part:
Costs of the application [for arbitration] and of the proceedings subsequent thereto, and disbursements may be awarded by the court. (emphasis added)
The insured was entitled to an award of fees and properly sought them procedurally by a motion to tax costs.
Appellant also argues that the award of costs erroneously includes an award of $875 as an expert witness fee to Dr. Newfield which was made without evidence or stipulation as to the reasonableness of that amount.[4] If no specific objection to the setting of an expert witness fee without an evidentiary hearing is made, the trial judge has the authority to set the amount of the expert witness fee based upon his experience in those matters together with his observation of the witness' testimony or his review of the record. Where objection has been made, as in the instant case, the prevailing party must present testimony concerning the necessity and reasonableness of the fee. Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982).
Accordingly, the judgment is affirmed except as to the award of the expert witness fee, which item is stricken from the cost judgment, and the cause is remanded with directions to the trial court to give appellee an evidentiary hearing and both parties an opportunity to present evidence as to the reasonableness of that item.
AFFIRMED in part; REVERSED in part.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971); Reeves v. Miller, 418 So.2d 1050 (Fla. 5th DCA 1982); Harbach v. New Hampshire Ins. Group, 413 So.2d 1216 (Fla. 4th DCA 1982).
[2] State Farm Mut. Auto. Ins. Co. v. Rutkin, 199 So.2d 705 (Fla. 1967); Lumbermen's Mut. Cas. Co. v. Meade, 404 So.2d 1141 (Fla. 5th DCA 1981); Fidelity & Cas. Co. of New York v. DeJesus, 402 So.2d 15 (Fla. 3d DCA 1981); Eagle Star Ins. Co. v. Parker, 365 So.2d 780 (Fla. 4th DCA 1978); McNair v. Continental Ins. Co., 245 So.2d 634 (Fla. 1st DCA 1971); Carter v. State Farm Mut. Auto. Ins. Co., 224 So.2d 802 (Fla. 1st DCA 1969).
[3] Rutkin v. State Farm Mut. Auto. Ins. Co., 195 So.2d 221 (Fla.App.); Lumbermen's Mut. Cas. Co. v. Meade, 404 So.2d at 1143.
[4] See Neimark v. Abramson, 403 So.2d 1057 (Fla. 3d DCA 1981); Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981); Boyette v. Carden, 347 So.2d 759 (Fla. 1st DCA 1977).