527 So.2d 281 (1988)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Guy E. SMITH and His Wife, Martha I. Smith, Appellees.
No. 87-892.
District Court of Appeal of Florida, First District.
June 17, 1988.
*282 Larry Hill and Michael D. Hook of Moore, Hill & Westmoreland, P.A., Pensacola, for appellant.
Woodburn S. Wesley, Jr., of Cotton, Wesley, Poche' & Gates, Shalimar, for appellees.
SMITH, Chief Judge.
United Services Automobile Association (USAA) appeals an order awarding the Smiths $1800 for the arbitrators' fees incurred by them in an arbitration proceeding. USAA also appeals the trial court's award of prejudgment interest on various amounts found to be due and owing in this litigation. We affirm in part and reverse in part.
The Smiths, who had uninsured motorists (UM) coverage with USAA, were injured in an automobile accident involving an underinsured driver. The driver's liability carrier offered to settle with the Smiths for the policy limits of $30,000.00. On July 25, 1985, USAA refused to give the Smiths permission to settle with the liability carrier.
On May 22, 1986, the UM claim was arbitrated before a panel of arbitrators, who determined that the Smiths were entitled to a total award of $82,000.00. The arbitrators' award acknowledged that based on a stipulation of the parties, they made no ruling on any issues of costs or interest. USAA paid the Smiths $82,000.00 by check on July 11, 1986.
Thereafter, the Smiths filed suit seeking recovery of the arbitrators' fees paid by them in the amount of $1800.00, interest on the $30,000.00 offered in settlement, and interest on the arbitration award of $82,000.00. The trial court agreed with the Smiths that they were entitled to the $1800.00 arbitrators' fee, interest on the $30,000.00 from July 25, 1985, until May 22, 1986, and interest on the arbitration award of $82,000.00 from May 22, 1986, to July 11, 1986. These sums amounted to $6,106.00. In addition, the court awarded interest on the $6,106.00 from July 11, 1986, until paid.
The arbitration clause of the USAA policy requires each party to select an arbitrator, and the two arbitrators to select a third. It provides that "each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally." Citing this policy provision and Lumbermens Mutual Casualty Co. v. Meade, 404 So.2d 1141 (Fla. 5th DCA 1981), approved on other grounds, 423 So.2d 908 (Fla. 1982), USAA contends that the $1800.00 arbitrators' fees should not have been awarded by the trial court as taxable costs. In Meade, the court considered in the light of section 682.11, Florida Statutes,[1] a similar policy provision requiring each party to pay the expenses it incurred, and to bear the expenses of the third arbitrator equally. Though the arbitrators had awarded "taxable costs," the Meade court in reviewing a trial court order finding that arbitrators' fees were included, determined that the term "costs" did not encompass arbitration "expenses" or fees as used in the policy.
*283 Notwithstanding the result in Meade, however, we agree with the trial court here that the Smiths are entitled to recover the $1800.00 arbitration fee. We are persuaded by the reasoning of the Fifth District Court of Appeal's subsequent decision in American Indemnity Co. v. Comeau, 419 So.2d 670 (Fla. 5th DCA 1982), that to require the Smiths to pay $1800.00 would reduce their benefits under their insurance policy, and would violate public policy by treating them differently than had the offending motorist maintained adequate insurance. The Comeau court, citing cases to the effect that UM coverage should not be whittled away by exclusions and exceptions, ruled that a provision in an arbitration clause requiring each party to bear his own costs is an invalid attempt to reduce statutory UM coverage. Relying on another statute, section 682.15, Florida Statutes,[2] the Comeau court commented that a court may always tax costs against an insurance company in arbitration concerning UM coverage; accordingly, the insured was entitled to an award of fees and properly sought them by a motion to tax costs. While the court did not expressly recede from its decision in Meade, the Comeau court pointed out, correctly, that Meade arose in a different procedural context. The insured in Meade sought an award of arbitrators' fees from the arbitrators, in the arbitration proceeding. In that event, Meade held, the award of such fees must be made in the arbitration award itself, or after a timely petition to modify the award. Comeau, 419 So.2d at 672.
Next, the Smiths urge that the trial court's award of prejudgment interest on the $30,000.00, offered in settlement by the underinsured driver's liability carrier, should be sustained on the ground that but for the actions of USAA, the Smiths would have had the use and benefit of the $30,000.00 on or before July 25, 1985. However, we agree with USAA that it was not until the arbitration award was made that the Smiths had an enforceable contract right to receive any amount of money; therefore, the trial court erred in awarding prejudgment interest on the $30,000.00. Southeast Title and Insurance Co. v. Austin, 202 So.2d 179 (Fla. 1967) (interest on arbitration award on claim against insurer under policy for UM coverage is computed from date of award rather than date of accident). See also, 4 Fla.Jur.2d, Arbitration and Award, § 24.
On the same reasoning, however, we agree that the trial court was correct in awarding interest on the sum of $82,000.00 from May 22, 1986, the date of the arbitration award, until July 11, 1986, the date USAA paid the Smiths. Southeast Title and Insurance Co. v. Austin, 202 So.2d 179 (Fla. 1967). As stated above, the Smiths had an enforceable contract right when the arbitration award was made on May 22, 1986, and thus were entitled to prejudgment interest from that date until the award was paid. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); and Vezina, Recoverability of Prejudgment Interest: Argonaut v. May Plumbing, Florida Bar Journal (March 1986).
Finally, we agree that the trial court erred in awarding interest on the sum of $6,106.00 from July 11, 1986. USAA contends, and we agree, that interest cannot accrue on taxable costs (the $1800.00) before the order has been entered awarding these costs. There is no vested right to costs until judgment is obtained. 12 Fla.Jur.2d, Costs, § 6. Since the trial court erroneously awarded interest on the $30,000.00 from July 25, 1985, until May 22, 1986, it follows that interest cannot be awarded on that sum. Finally, interest should not have been ordered on the interest awarded on the $82,000.00 from May 22, 1986, until July 11, 1986, as this amounts to an invalid award of compound interest. Coggan v. Coggan, 183 So.2d 839 (Fla. 2nd DCA 1966) (where order, which included an award of interest appeared to be judgment for sum certain which would *284 itself bear interest, so that there would be an improper award of compound interest, substance and not form controlled, and order did not constitute independent judgment which would bear statutory interest). Interest should not be allowed on a sum that is itself interest. 32 Fla.Jur.2d, Interest and Usury, § 14.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] Section 682.11, Fla. Stat. (1987), unchanged since Meade was decided, provides:

Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
[2] Section 682.15, Fla. Stat. (1987), unchanged since Comeau, presently reads in part:

Costs of the application [for arbitration] and of the proceedings subsequent thereto, and disbursements may be awarded by the court.