ERVIN, Judge.
Appellants appeal a judgment assessing prejudgment interest at the statutory rate (12 percent), and at the contractual rate thereafter. This litigation, seeking, among other things, an accounting, arose after the members of a professional accounting firm were unable to agree upon terms for the dissolution of the firm, specifically, how to assign certain assets and liabilities, and thus value the stock of appellee, Presser. After the trial court had determined the value of Presser’s stock, it awarded statutory prejudgment interest from the date Presser filed his complaint through the date that the value of his stock was fixed by the judgment, and interest thereafter pursuant to the terms of the contract.[1]
*636 Appellants assert that the court erred m awarding statutory prejudgment interest. We agree and reverse as to the part of the judgment assessing statutory interest, concluding that statutory interest cannot be sustained, because the contract, which the court relied upon in part in awarding interest, expressly provides for six percent interest. Cf. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985) (awarding prejudgment statutory interest as an element of pecuniary damages where the plaintiffs damages were liquidated as of a date certain, “absent a controlling contractual provision”).
Appellee argues that statutory prejudgment interest is appropriate in this case, in that the trial court impliedly found that the appellants/defendants acted unreasonably, by refusing to value Presser’s stock within a reasonable time after his termination. If the trial court so found, it is appropriate to award prejudgment interest at the rate specified in the contract, and we remand for the purpose of allowing the trial court to determine the date of loss, with the allowance of interest at six percent thereafter. If, on remand, the court determines the date of loss to be the date previously identified,'then the court should establish that same date as the effective date of the promissory note.
REVERSED and REMANDED for further consistent proceedings.
WENTWORTH, J., concurs.
ZEHMER, J., concurs in result.

. The court determined that paragraph 8(f) of the "agreement of Stockholders and Corporation” would govern the method by which the value of Presser's stock in the corporation *636 would be paid. That paragraph generally provides that the purchase price of the stock's value would be paid pursuant to the terms of a promissory note bearing interest at six percent per year in equal, monthly payments over a ten-year period, beginning on the fifteenth day of the calendar month following the date of the computation of the value of the stock and its delivery to the corporation. Interest on the purchase price, moreover, was to commence one month before the due date of the first monthly payment.