554 So.2d 610 (1989)
Vernon A. LaFAYE, Gary F. Hannon, Richard D. Brock, and Presser, LaFaye & Hannon, P.A., Appellants,
v.
Neil N. PRESSER, Appellee.
No. 89-837.
District Court of Appeal of Florida, First District.
December 20, 1989.
Rehearing Denied January 29, 1990.
*611 Steven A. Werber and James M. Riley, of Commander, Legler, Werber, Dawes, Sadler and Howell, P.A., Jacksonville, for appellants.
George L. Hudspeth, of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for appellee.
ERVIN, Judge.
Following our prior decision in this cause, LaFaye v. Presser, 535 So.2d 635 (Fla. 1st DCA 1988), remanding the case to the trial court with directions that it award prejudgment interest on the judgment imposed at the contractual rate, rather than at the statutory rate, the trial court on remand found that the amount of contractual interest from the date of loss, July 31, 1986, through the date of the initial final judgment, November 23, 1987, was $13,376.02. The court also imposed the statutory rate of interest on this $13,376.02 sum for the period from November 23, 1987 through the date of the amendment to the final judgment (March 7, 1989), added the two amounts together and directed that the total sum should thereafter bear interest at the annual statutory rate. We affirm in part and reverse in part.
Initially, we disagree with appellants' contention that the trial court erred in establishing the date of loss, for purposes of calculating prejudgment interest, as of the date appellee filed his complaint, July 31, 1986. This issue is controlled by our prior opinion in this cause, which gave the trial court the discretion on remand to determine whether the date of loss was July 31, 1986, the date previously identified.
Having thus properly determined that the date of loss in this case was July 31, 1986, the court was also correct in awarding prejudgment interest of $13,376.02, which was based upon the value of the stock ($171,307.00), and which was computed at the contract rate of six percent, running from the date of the loss (July 31, 1986) through the date of the judgment (November 23, 1987).
However, the trial court erred in awarding interest at the statutory rate on the prejudgment interest award of $13,376.02 for the period from November 23, 1987 to March 7, 1989. First, appellee's right to prejudgment interest ended at the time the judgment was entered (November 23, 1987), and the taking of the appeal did not extend appellee's right to prejudgment interest.[1] Second, the award is an inappropriate award of compound interest, because it required interest to accrue "on a sum that is itself interest." See United Servs. Auto. Ass'n v. Smith, 527 So.2d 281, 284 (Fla. 1st DCA 1988). Accordingly, that portion of the final judgment awarding the statutory rate of interest on all interest that accrued after November 23, 1987, is reversed and the case remanded for the entry of a corrected judgment.
We have considered the remaining arguments of appellants and, finding them without merit, affirm.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
WENTWORTH, J., concurs.
ZEHMER, J., dissents and concurs with written opinion.
ZEHMER, Judge (Dissenting and concurring).
Under the circumstances shown in this case, I concur in the majority's decision to reverse the ruling awarding interest on prejudgment interest, and I agree that any interest due, whether prejudgment or postjudgment, is payable only at the contract *612 rate of 6 per cent. However, I do not agree that the date of loss occurred on July 31, 1986, the date appellee filed his complaint. Because appellee's claim is based solely on contract, the date of loss could not have occurred earlier than the date payment was due under the contract, that is, only after agreement as to the valuation of the stock and delivery of the stock in accordance with the agreement.
Our prior opinion in this case, LaFaye v. Presser, 535 So.2d 635 (Fla. 1st DCA 1988), reversed the first judgment finding the date of loss to be the date the complaint was filed, and remanded to the trial court to redetermine when the date the loss occurred for purposes of commencing prejudgment interest. Had this court agreed that the date of loss was necessarily the date the complaint was filed, it should and would have affirmed on this issue. This issue was reversed, however, and remanded to afford appellee a further opportunity to demonstrate, or the trial court to articulate, on what basis the appellants' contractual obligation to pay for the stock was activated by the filing of appellee's complaint. Only by explicating a legally sufficient basis for treating the filing of the complaint as the event fixing the date of loss could the trial court award prejudgment interest from that time. Our opinion did not direct that the filing date be accepted, and I reject appellee's argument that this issue was decided on the last appeal. The date of loss clearly was left open for redetermination upon remand. Yet, neither the trial court nor appellee's brief on appeal has explained any legal basis for tying the date of loss to the filing of the complaint.
The trial court ruled that the parties' rights in this case are governed by their agreement, and that ruling has been affirmed by this court. It is settled law that when a verdict liquidates the damages due in an action for breach of contract for the payment of money, a party is entitled to prejudgment interest calculated from the time the money was due under the contract. Travelers Indemnity Co. v. Duffy's Little Tavern, Inc., 541 So.2d 689, 690-91 (Fla. 5th DCA 1989). Restated, entitlement to prejudgment interest in such an action begins on the date the party had an enforceable contract right to receive payment. United States Automobile Assoc. v. Smith, 527 So.2d 281, 283 (Fla. 1st DCA 1988). Awarding prejudgment interest from a time prior to the date any payment became due provides the prevailing party with a windfall and unjustly prejudices the losing party. Metropolitan Dade County v. Bouterse, Perez & Fabregas Architects Planners, Inc., 463 So.2d 526, 527 (Fla. 3d DCA 1985). Where payment is dependent upon the occurrence of conditions precedent, payment is not due before satisfaction of those conditions precedent unless performance thereof is waived or excused by the conduct of the parties. E.g. Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla. 2d DCA 1976).
In the instant case, paragraph 8(f) of the agreement is the controlling provision. That provision required the professional association to commence payment for the stock of a terminated stockholder by the 15th day of the calendar month next following (1) the date of computation of the purchase price and (2) delivery of the stock to the association, properly endorsed for transfer. Nothing in the agreement obligated either the association or appellee to determine the value of the stock by a given date; the agreement only contemplated such valuation would be reached by mutual agreement. There is nothing in the agreement that would excuse the performance of these conditions precedent, and there is no evidence that the conditions were waived. Nothing in this record demonstrates that the appellant's conduct unlawfully prevented the occurrence of either condition, no such finding is made by the trial court, and no such argument is made in appellee's brief on appeal.
Thus, we are left with a record establishing that appellee did not deliver his endorsed stock to the association until August 1987, when the partial final judgment ordered him to place the endorsed stock in escrow pending valuation. Because the parties had not agreed on the valuation of the stock, that judgment allowed them 45 days to resolve the valuation dispute. The parties did not, so the "computation of the purchase price" become certain when the *613 trial court set a valuation in the November 1987 final judgment. At that time, the association became obligated to give appellee a note in payment for the stock in accordance with paragraph 8(f) of the agreement. As both of the contractual conditions had to occur before appellee was entitled to payment pursuant to the contract, there is no legal basis for holding appellee had a contractual right to demand and receive payment for his stock by reason of filing the complaint.
Again I must emphasize that the trial court's judgment reaffirming the prejudgment interest award from the date the complaint was filed did not articulate any legal or factual basis for tying the date of loss to the act of filing the complaint. Nor does appellee's brief on this appeal articulate any basis for so viewing the act of filing the complaint. There is no evidence in the record that will support the trial court's ruling that appellee's loss occurred on the date the complaint was filed, and the court made no specific finding of fact that would support appellee's right to receive payment under the contract prior to compliance with the two conditions precedent.
For these reasons, I conclude that the lower court erred in awarding prejudgment interest from July 31, 1986, and would reverse that ruling.
NOTES
[1] Although appellee is not entitled to prejudgment interest after November 23, 1987, when the judgment was awarded to him, he may claim postjudgment interest allowable on judgments pursuant to Section 55.03, Florida Statutes (1985). Although our prior opinion was directed more to the issue of prejudgment interest, we did "reverse as to the part of the judgment assessing statutory interest, concluding that statutory interest cannot be sustained, because the contract, which the court relied upon in part in awarding interest, expressly provides for six percent interest." LaFaye, 535 So.2d at 636. We consider this statement to be the law of the case on the issue of the interest rate. Thus, appellee would only be entitled to postjudgment interest from November 23, 1987, at the rate of six percent, and only on the amount of the judgment itself ($171,307.00).