COWART, Judge.
Vanguard Insurance Company issued a policy of public official liability insurance covering Francis O’Loughlin as sheriff of St. Johns County. The policy specifically provides coverage for claims based on alleged violations of the United States Constitution. The policy expressly provides that coverage is only for the sheriff and his employees and that no coverage is afforded to counties, public officials or employees thereof.
This is a “claims made” policy and during the policy period a former deputy sheriff, Sylvester Lucas, sued Sheriff O’Lough-lin and St. Johns County in federal district court under 42 U.S.C. § 1983 alleging that Sheriff O’Loughlin violated Lucas’ civil rights when Sheriff O’Loughlin terminated Lucas’ employment as deputy sheriff. In this federal district court action Vanguard provided counsel for the defense of the sheriff and St. Johns County was defended by county attorneys. The federal district judge dismissed Lucas’ claim against the county and a jury found for Lucas and against the sheriff and awarded Lucas $17,100 in back pay and $1,000 for embarrassment and humiliation. The federal district court denied the demand of Lucas to be reinstated as a deputy sheriff and awarded St. Johns County a large sum for attorney’s fees against Lucas. Lucas appealed the dismissal of his claim against the county, the denial of his claim for reinstatement, and the award of attorney’s fees in favor of the county. On appeal the U.S. Court of Appeals, 11th Circuit, affirmed the denial of reinstatement of employment (the only claim on appeal that involved the insured sheriff) but reversed the judgment dismissing the county and the award of attorney’s fees to the county, holding that under applicable Florida and federal law, 'the actions of Sheriff O’Lough-lin were the actions of St. Johns County. Lucas v. O’Loughlin, 831 F.2d 232 (11th Cir.1987), cert. denied, 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 909 (1988).[1]
Thereafter, St. Johns County and Lucas entered into a consent order in the federal district court in which the county agreed to pay Lucas $55,878.93 representing the original damage award against the sheriff of $18,100, interest thereon, and Lucas’ attorney’s fees and costs. The county paid and satisfied the judgment and brought this action against Vanguard seeking reimbursement for the sums it paid on three theories, viz, Count I was a claim for reimbursement; Count II was for subrogation and Count III alleged the county was a third party beneficiary of the contract of insurance between Vanguard and Sheriff O’Loughlin. The county did not join the insured, Sheriff O’Loughlin, as a party defendant. Upon motion the trial court dismissed Counts I and III for failure to state a cause of action; and Vanguard answered, denying the essential allegations in Count II. The county moved for summary judgment attaching the consent order, the 11th Circuit opinion, the insurance policy and correspondence relating to a demand for payment. The trial court entered summary judgment in favor of the county, determining that the county was legally entitled to equitable subrogation against Vanguard and awarding the county $66,664.76, being the sums covered by the $55,878.93 consent order plus prejudgment interest of $10,-716.83[2] plus costs of $69.00. Vanguard brings this appeal.
On appeal Vanguard argues (1) that the motion to dismiss Count II should have *1134 been granted because St. Johns County failed to join Sheriff O’Loughlin in this action whom Vanguard alleges to be an indispensable party; (2) that this action violates the direct action statute, section 627.-7262, Florida Statutes; (3) that the county cannot maintain an action for equitable subrogation because subrogation in equity is a cause of action designed to afford relief to one who has been required to pay the legal obligation of another and under the 11th Circuit opinion in Lucas v. O’Loughlin the obligation adjudicated in this case is the legal obligation of the county; (4) that in an equitable subrogation case the subrogee must join the original debtor (Sheriff O’Loughlin here); (5) that equitable subrogation is not available when there is an available legal remedy and that the county would appear to have available the legal remedy of indemnification; (6) that the summary judgment was in error because there were disputed issues of material fact and (7) that the summary judgment includes sums not legally owed by Vanguard. On appeal the county argues that under the holding of the federal 11th Circuit Court in Lucas v. O’Loughlin, the county is, in effect, a third party beneficiary of Vanguard’s policy providing coverage to Sheriff O’Loughlin.
Because of the express exclusion in the policy the county was not a third party beneficiary under the insurance policy and it appears to us that equitable sub-rogation is the most appropriate remedy for the county and that the sheriff was not an indispensable party to the equitable sub-rogation action and the county’s cause of action did not violate the direct action statute (§ 627.7262, Fla.Stat.). However, we do agree with Vanguard that the summary judgment includes sums not legally owed by Vanguard under its policy and for which the county is not equitably subrogated. Vanguard provided the sheriff with the defense which Vanguard as insurer owed Sheriff O'Loughlin as its insured. Therefore, Vanguard does not owe St. Johns County reimbursement for attorney’s fees and costs incurred by the county either in the federal district court or on the federal appeal. In fact, the appeal affirmed the only point on appeal that involved Sheriff O’Loughlin — that is, that Sheriff O’Lough-lin was not required to reinstate Lucas to his former employment as a deputy sheriff. Similarly Vanguard has no obligation under its policy to pay damages for embarrassment and humiliation. The only sums which St. Johns County is entitled to recover from the insurer Vanguard are those sums which Vanguard was legally liable under its policy of insurance to pay to Sheriff O’Loughlin and which the county paid and those sums were $17,100 for back pay plus prejudgment interest thereon (simple interest at 12% per annum under section 687.01, Florida Statutes) from the date of payment of that sum by St. Johns County until the date of the summary judgment in this case. Of course, the final judgment in this case will bear legal interest from its date until paid.
Accordingly the summary judgment in this case is reversed and the cause remanded for entry of a judgment in favor of the county and against the insurer in the amount of $17,100 plus prejudgment interest thereon as provided herein.
REVERSED AND REMANDED.
COBB and GRIFFIN, JJ., concur.

. We expressly do not adopt or recognize the rationale or result in this federal case as being the law of the State of Florida.

. Both parties agree this prejudgment interest award is erroneous. Both agree prejudgment interest under section 687.01, Florida Statutes, should be calculated at 12% interest per annum for 561 days, the period from time that elapsed between the date of the consent order and the date of the order entering summary judgment. The county claims interest should be compounded. The First District has recently held to the contrary in United Services Automobile Association v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988). We agree with the First District Court of Appeal.