605 So.2d 1330 (1992)
Shirley PEAVY, Appellant,
v.
Donald DYER, Appellee.
No. 91-2714.
District Court of Appeal of Florida, Fifth District.
October 16, 1992.
*1331 James Allen Scott, Jr., Palm Coast, for appellant.
Jason G. Reynolds, Daytona Beach, for appellee.
PER CURIAM.
We affirm in all respects the final judgment appealed; however, one of the issues raised by the appellant merits discussion.
The final judgment, entered after a jury trial to determine entitlement to a real estate commission, awarded appellee the principal sum of $168,000, prejudgment interest from June 15, 1988 (the date the commission was due) through November 8, 1991 (the date of the entry of judgment) in the amount of $68,543.58 and taxable costs in the amount of $478.10 for "a total of $237,021.68 that shall bear interest at the rate of 12% per year for which let execution issue." Appellant challenges the award of post-judgment interest upon the total amount of the judgment rather than upon the principal sum, contending the award of post-judgment interest on the entire amount would impermissibly constitute an award of "interest on interest." Appellant relied upon LaFaye v. Presser, 554 So.2d 610 (Fla. 1st DCA 1989), Perez Sandoval v. Banco De Commercio, S.A., C.A., 582 So.2d 179 (Fla. 3d DCA 1991) and Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla. 1966). Appellee has conceded this award of post-judgment interest on the prejudgment interest component of the judgment was error. We are unwilling, however, to reverse the trial court based on this concession because we conclude the trial court did not err.
The cases relied upon by appellant bear close examination. In Coggan, the trial court had entered a judgment for attorney's fees in a divorce case, which was appealed. While the appeal was pending, the party who had been awarded fees applied for a judgment in the amount of the original award plus an award of interest from the date the original judgment then on appeal until the date of the order he sought. The trial court simply entered a judgment in the amount of the interest that had by then accrued on its earlier attorney's fees decree. As the Coggan court pointed out, such a judgment for interest was "surplusage" because the decree awarding attorney's fees automatically carried interest at the statutory rate. Coggan, 183 So.2d at 841. The court recognized the risk that entry of this second "judgment", might be argued to itself bear interest, which would be improper.
Coggan was relied upon by the First District Court of Appeal in United Services Auto. Ass'n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988). The order on review in Smith had, among other things, awarded interest on an arbitration award from the time it was entered until the time it was paid and then awarded interest on that interest. This was analogous to awarding interest on post-judgment interest, which the Smith court, relying on Coggan, correctly disapproved.
In LaFaye, the court encountered multiple defects in the interest award under review and, as a result, the precise intent of the LaFaye court's opinion is unclear. In that case, the trial court had initially entered a final judgment in November, 1987 that contained an award of prejudgment interest, incorrectly calculated, using the statutory rate rather than the contractual rate. After remand, in 1989, the trial court complied with the appellate court's instruction to amend the judgment to calculate prejudgment interest at the contractual rate from the date of loss through November, 1987, the date of the initial final judgment, but then the court imposed a statutory rate of interest for the period from entry of the original final judgment until the date of the amendment. The trial court also ordered post-judgment interest on the sum of these two interest figures at the statutory rate. The First District Court found there could be no award of prejudgment interest after the date of the entry of the original final judgment in November 1987. Any interest accruing after *1332 that date would necessarily be post-judgment interest. The court also disapproved the portion of the 1989 amendment that awarded interest on the interest accruing after November 1987. The court explained that the correct approach would be to award post-judgment interest at the contractual rate pursuant to section 55.03, Florida Statutes, after November 23, 1987, the date of the final judgment originally appealed. In a footnote, however, the court went on to say that interest could be calculated "only on the amount of the judgment itself ($171,307.00)." The sum identified was the amount of the principal obligation. To the extent LaFaye is a rejection of an award of interest on post-judgment interest disguised as prejudgment interest, we agree with LaFaye that such would be error. We would award post-judgment interest on the total final judgment, however, not just the principal.
If LaFaye is unclear because of the complexity of the underlying facts, the holding in Perez could not be more succinct:
As a matter of logic, and therefore of law, it is irrefutable that an award of prejudgment interest cannot itself bear interest.
Perez, 582 So.2d at 179. The Third District Court cited LaFaye, Smith, Coggan and West v. Sunbelt Enterprises, 530 So.2d 433 (Fla. 1st DCA 1988). There were no facts given in Perez, however.
If Perez does mean what it appears to mean, we are bound to disagree. In Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214-215 (Fla. 1985), our supreme court determined that prejudgment interest is simply an element of pecuniary damages. Under this loss theory of damage, the failure of the defendant to surrender monies it owed to the plaintiff was itself a wrongful deprivation of the plaintiff's property, which the final judgment restores to the plaintiff. Once this element of damages is awarded in the final judgment, prejudgment interest, like all other elements of damage, becomes part of a single total sum adjudged to be due and owing. See Phillips v. Parrish, 585 So.2d 1038 (Fla. 1st DCA 1991). The amount awarded for prejudgment interest, like all other components of the "judgment", automatically bears interest as provided by section 55.03, Florida Statutes. In this regard, we note that the forms for use with the Rules of Civil Procedure, approved by our supreme court, show that statutory post-judgment interest is to be calculated on prejudgment interest as a component of the total amount of the final judgment. Form 1.988(b) is the form for a judgment after default, including prejudgment interest and attorney's fees. It is designed as follows:
(b) Form with Interest and Fees. This form is for judgment after default including prejudgment interest and attorney's fees recovered:
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff, ________, recover from defendant, ________, the sum of $ ____ on principal, $ ____ for interest, $ ____ for attorney's fees with costs in the sum of $ ____ making a total of $ ____, that shall bear interest at the rate of ____% a year for which let execution issue.
ORDERED in ____, Florida on ________, 19__.
 _________________________
 Judge
See also Form 1.996. Section 55.03, Florida Statutes, when applied to a judgment that contains an award of prejudgment interest, does not impermissibly compound interest on interest; rather it awards interest on a final judgment that remains unpaid after entry.
AFFIRMED.
COBB, COWART and GRIFFIN, JJ., concur.