626 So.2d 239 (1993)
The CITY OF TAMPA, Appellant,
v.
JANKE CONSTRUCTION, INC. and The Ohio Casualty Insurance Company, Inc., Appellees.
No. 92-03276.
District Court of Appeal of Florida, Second District.
August 27, 1993.
Rehearing Denied October 28, 1993.
J. Bert Grandoff, John W. Bakas, Jr., and C. Thomas Davidson of McWhirter, Grandoff & Reeves, Tampa, for appellant.
Charles W. Pittman of MacFarlane Ferguson, Tampa, for appellees.
PER CURIAM.
The City of Tampa appeals a final judgment which awarded Janke Construction, Inc., $415,059.09 on Janke's breach of contract claim. The City has raised four issues on appeal. We affirm on three issues without discussion but agree with the City that the final judgment must be amended in regards to the award of interest.
The jury awarded Janke $301,295.81 on its claims. The trial court calculated the prejudgment interest to be $137,437.82 and awarded costs of $4,196.35. These three items totaled $442,929.98. The jury awarded *240 the City $20,083.96 on its counterclaim. The prejudgment interest on this amount was $7,786.93 for a total award of $27,870.89. The trial court set off Janke's award by the amount of the City's award and entered a judgment in favor of Janke for a total of $415,059.09. By operation of law, the judgment will bear interest at an annual rate of twelve percent. See § 55.03, Fla. Stat. (1991). The City claims that it is error for the prejudgment interest component of the final judgment to bear interest.
We agree and conclude that the award of prejudgment interest cannot itself bear interest. See Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla. 1966). See also Higley South, Inc. v. Quality Engineered Installation, 1994 WL 3600 (Fla. 2d DCA 1993). We recognize that the Fifth District has taken a contrary position in Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992) and Indian River Colony Club, Inc. v. Schopke Construction & Engineering, Inc., 619 So.2d 6 (Fla. 5th DCA 1993). We certify conflict with those decisions. We note that one of the grounds the Peavy court used to support its position was the fact that Form 1.988(b) of the Florida Rules of Civil Procedure provided for postjudgment interest to be calculated on the entire judgment, which included a prejudgment interest component. The supreme court, however, amended that form "to clarify that post-judgment interest only applies to the total of the principal, court costs, and attorneys' fees." In re Amendments to the Florida Rules of Civil Procedures, 604 So.2d 1110, 1111 (Fla. 1992). We, therefore, reverse the judgment in its present form and remand for entry of an amended final judgment which makes clear that postjudgment interest will not accrue on the prejudgment interest component of the award. It will be necessary for the trial court to apportion the judgment into components of principal, costs, and prejudgment interest after the setoff.
SCHOONOVER, A.C.J., and PARKER and BLUE, JJ., concur.