ON REHEARING

PER CURIAM.
The plaintiff Protective has filed a motion for rehearing in which it correctly points out that we were in error for various reasons in reversing the final summary judgment in its entirety and in directing the trial court on remand to enter summary judgment for Aet-na in this action. Our reversal should have been primarily limited to that portion of the final summary judgment which represents the plaintiff Protective’s recovery on count II of the complaint, namely, $396,130.00 [plus prejudgment and post-judgment interest], which was, in effect, the legal malpractice *309 count against Aetna, to wit: a claimed breach of duty to adequately defend the insured. Our original opinion deals solely with this count, and our reversal should have been limited to the award on count II of the complaint [together with a minor post-judgment interest point on count V of the complaint which will be discussed later].
A
The remaining portion of the final judgment represents the plaintiff Protective’s recovery on count V of the complaint for something which has nothing to do with the legal malpractice issue presented by count II of the complaint. The plaintiff Protective sought in count V of the complaint to recover the interest which it paid under protest, as the excess carrier for the insured, on the $1,800,000.00 judgment entered against the insured in the underlying tort action. The trial court entered a summary judgment for the plaintiff Protective and against the defendant Aetna on this count in the amount of $73,483.74 plus prejudgment interest on the theory that Aetna, as the primary carrier for the insured, was required to pay this interest. The defendant Aetna attacked this portion of the final judgment in its initial brief, and we inadvertently neglected to deal with this point on appeal in our original opinion. We now do so and affirm that portion of the final summary judgment relating to count V of the complaint.
We reach this result because the defendant Aetna, as the primary carrier of the insured, was contractually obligated by its insurance policy with the insured to pay “all interest on the entire amount of any judgment [rendered against the insured for an occurrence within the coverage of the policy] which accrues after entry of the judgment and before [Aetna] has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of [Aetna’s] liability thereon....” Under Florida law, when an insurance policy contains such a provision, the insurer is liable for interest on the judgment even though, as here, the judgment exceeds its policy limits. See, e.g., Highway Casualty Co. v. Johnston, 104 So.2d 734 (Fla.1958).
Moreover, we are not persuaded by the defendant Aetna’s argument that it is relieved of paying this interest because on October, 31, 1988, it allegedly “tendered” its policy limits, plus interest on the judgment, to plaintiffs counsel in the underlying tort action. We agree with the trial court that Aetna’s oral offer during its telephone conversation with said counsel on the above date did not constitute a legal tender of the policy limits plus interest because a check in the offered amount was never actually delivered to said counsel nor was an attempt of such delivery made; a mere oral offer to tender, as here, does not constitute a legal tender. Masser v. London Operating Co., 106 Fla. 474, 497, 145 So. 79, 83 (1932); Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 1012, 124 So. 751, 754 (1929); Jacobs v. Automotive Repair Center, Inc., 137 So.2d 263 (Fla. 1st DCA 1962); 39 Fla.Jur.2d Payment and Tender §§ 1, 3 (1982).
B
The plaintiff Protective also points out in its motion for rehearing that the remaining counts of the complaint [counts I, III, IV, and VI], which were mooted below by the summary judgment entered in Protective’s favor on count II of the complaint, should now be revived, given our reversal of Protective’s summary judgment on count II. We agree, but only the extent that these counts may allege claims other than vicarious legal malpractice claims as alleged in count II, which now stands reversed.
In this connection, it could be argued that these undisposed counts below render the judgment appealed from non-final in nature and therefore non-appealable; we, accordingly, have requested the parties to file supplemental briefs on this issue, and such briefs have been filed. After reviewing these briefs, however, we are convinced that the judgment appealed from is an appealable final judgment because (1) it entered judgment for the plaintiff Protective on counts II and V of the complaint in the amount of $651,569.96 and stated “for which let execution issue,” and (2) such judgment, without dispute, mooted and therefore rendered inef *310 fective the remaining counts of the complaint. McGurn v. Scott, 596 So.2d 1042 (Fla.1992); J & L. Enters. v. Jones, 614 So.2d 1151 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla.1993).
C
There is also a final point which we neglected to discuss in our original opinion. The defendant Aetna contends that the trial court erred in awarding post-judgment interest on the prejudgment interest awarded by the court in the final judgment — which prejudgment interest we have upheld in our affirmance of the award of summary judgment on count V of the complaint. We agree. Although the plaintiff Protective is clearly entitled to post-judgment interest on the judgment awarded in its favor on count V of the complaint, it is not entitled to post-judgment interest on the prejudgment interest awarded on this judgment on count V of the complaint. “As a matter of logic, and therefore of law, it is irrefutable that an award of prejudgment interest cannot itself bear interest.” Perez Sandoval v. Banco de Commercio, S.A., C.A., 582 So.2d 179 (Fla. 3d DCA 1991); see LaFaye v. Presser, 554 So.2d 610 (Fla. 1st DCA 1989) (plaintiff entitled to post-judgment interest on principal amount of the judgment and not on the amount assessed for prejudgment interest); contra Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992).
D
We grant the plaintiff Protective’s motion for rehearing, in part, strike the last paragraph of our original opinion, and substitute the following paragraph.
[Editor’s Note: The paragraph has been substituted in the published opinion]
In all other respects, however, the plaintiff Protective’s motion for rehearing is denied, as we are convinced that our original opinion properly reversed the summary judgment for the plaintiff Protective on count II of the complaint.