638 So.2d 1009 (1994)
Vincent J. SCIANDRA and Marilyn A. Sciandra, Appellants,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, Appellee.
No. 93-01798.
District Court of Appeal of Florida, Second District.
June 15, 1994.
Vincent J. Sciandra and Marilyn A. Sciandra, Pro Se.
Laura L. Whiteside and Ronald B. Cohn of Cohn & Cohn, P.A., Tampa, for appellee.
PER CURIAM.
Vincent J. and Marilyn A. Sciandra appeal a final deficiency judgment entered following a mortgage foreclosure. Although the Sciandras raise numerous issues on appeal, we find merit in only one. As conceded by First Union, the final judgment erroneously awards interest on interest. See S & E Contractors, Inc. v. City of Tampa, 629 So.2d 883 (Fla. 2d DCA 1993).
Accordingly, we reverse only that part of the final judgment which awards interest on the amount found due as prejudgment interest. In all other aspects, the final judgment is affirmed.
HALL, A.C.J., and BLUE, J., concur.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, specially concurring.
"As a matter of logic, and therefore of law, it is irrefutable that an award of prejudgment interest cannot itself bear interest." Sandoval v. Banco de Commercio, S.A., 582 So.2d 179 (Fla. 3d DCA 1991). Without further explanation, the Third District ended debate concerning "interest on interest." Both the Fourth District and this district have adopted the general rule announced in Sandoval. S & E Contractors, Inc. v. City of Tampa, 629 So.2d 883 (Fla. 2d DCA 1993); Central Constructors, Inc, v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993). At least some of our court rules have been amended to comply with these cases. See In re Amendments to the Florida Rules *1010 of Civil Procedure, 604 So.2d 1110 (Fla. 1992); In re Amendments to the Florida Small Claims Rules, 601 So.2d 1201 (Fla. 1992).
About the same time the supreme court amended the rules of procedure, the Fifth District criticized Sandoval and reached a conflicting result in Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992). I agree with the result and most of the reasoning in Peavy. Unfortunately, the Second District has expressly conflicted with Peavy, so this panel is not free to follow that decision. City of Tampa v. Janke Constr., Inc., 626 So.2d 239 (Fla. 2d DCA 1993).
This small issue concerns me because the majority rule seems to overlook the longstanding doctrine of merger. A cause of action and the damages recoverable on it merge into any judgment entered on that cause of action. See Manley v. Union Bank, 1 Fla. 160 (1846); Jax Ice & Cold Storage Co. v. South Florida Farms Co., 91 Fla. 593, 109 So. 212 (1926); 32 Fla.Jur.2d Judgments and Decrees §§ 85-88 (1981).
During a trial, interest is often awarded as an element of damages included within the plaintiff's cause of action. That interest should generally, if not always, be included in the aggregate amount of the judgment.[1] When the judgment is entered, the cause of action merges into the judgment. The aggregate amount of the judgment may reflect many elements of damages, but after the merger the damages become a single judgment. Thereafter, the judgment does not bear interest as a cause of action or as elements of damage, but as a judgment. § 55.03, Fla. Stat. (1993). This does not result, at least from my perspective, in an unlawful compounding of interest.
For example, in an action for default on a promissory note, the lender typically is entitled to a judgment for the outstanding principal amount, plus contractual interest. Upon entry of the judgment, the lender can no longer charge contractual interest, but it is entitled to statutory interest on the judgment. Over the last twenty years, the effect of this structure has varied substantially. In the late 1970s, it was not uncommon for a small loan company to have a contractual right to interest at a rate in excess of 18%. When judgment was entered after default on such a note, that judgment, including the principal and contractual interest, accrued statutory interest at the lower rate of 6% or 8%. § 55.03, Fla. Stat. (1979). In the 1990s, it is now common for a contract to permit interest at 8% while the resulting judgment earns interest at 12%. § 55.06, Fla. Stat. (1990). I see little reason to conclude that either of these examples involves a compounding of interest. If they do, the lawyers that represent banks in foreclosure actions have been improperly requesting compound interest in the standard judgment of foreclosure for many years. See Form 1.996, Forms for Use With Fla.R.Civ.Pro.[2]
The notion of interest on interest probably became more plausible when the availability of prejudgment interest was expanded in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). There has long been a statutory provision establishing a legal rate of interest in the absence of a contractual provision. § 687.01, Fla. Stat. (1993). Prior to Argonaut, however, this legal rate of interest was only occasionally used to increase the damages that merged into a judgment. Especially when the statutory rate of interest on a judgment and the statutory rate for prejudgment interest are both 12%, it is easy to visualize the prejudgment interest as a stream of earnings that begins prior to judgment and continues until the judgment is paid. From this perspective, allowing post-judgment interest on prejudgment interest is *1011 a compounding of the 12% rate, even though the rates are authorized by two distinct statutes.[3]
It might be appropriate to regard prejudgment interest that was based on an implied, statutory legal rate, rather than an express, contractual rate, as merely an early award of judgment interest. This analysis would treat such interest as merely the initial interest on a judgment that was deemed to be entered at the time prejudgment interest commenced. This seems a little artificial given that the prejudgment interest can commence at different times concerning the elements of damage on a single cause of action.[4] In any event, I see nothing logical or "irrefutable" in such an approach
I am bound by this court's ruling on the "interest upon interest" issue. Otherwise, I would hold that a plaintiff is entitled to include any interest awarded as damages in the face amount of the judgment. After merger, the full judgment should accrue judgment interest without regard to the elements of damage that merged into the judgment.
NOTES
[1] Some cases draw a distinction between interest recoverable under a contract when no breach occurs, and interest recoverable as damages following a breach. See 22 Am.Jur.2d Damages §§ 648-49 (1988). Because judgments on contracts usually involve a breach, I doubt this distinction creates any exceptions to the general rule that interest awarded as damages in a lawsuit is merged into the judgment.
[2] As noted by this court in City of Tampa v. Janke Constr. Co., 626 So.2d 239 (Fla. 2d DCA 1992), form 1.988(b) was modified by the supreme court to prevent "interest on interest." Id. at 240 (citing In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d 1110, 1111 (Fla. 1992)). The language in the standard form final judgment of foreclosure, however, has not been similarly amended.
[3] In Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla. 1966), which is frequently cited as an early Second District case preventing interest on interest, a judgment was entered awarding interest that was already accruing under an earlier judgment. Thus, judgment interest was actually compounded in Coggan. It was not a case in which the earlier interest was based on a right to interest separate from the right to interest on a judgment.
[4] For example, in the leading case of Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), the insurer probably issued many checks to condominium owners damaged by the fire. Unless the checks were all issued the same day, prejudgment interest commenced at different times on the checks.