651 So.2d 1257 (1995)
Hossein A. GHANBARI and Mahin T. Ghanbari, Appellants,
v.
Dennis PERRAULT, Appellee.
No. 93-3871.
District Court of Appeal of Florida, First District.
March 14, 1995.
Terence Matthews, Bradenton, for appellants.
Carol Whitcher Wood of Lyons & Beaudry, P.A., Sarasota, for appellee.
JOANOS, Judge.
Appellants contend the trial court erred in ordering payment of interest upon pre-judgment interest in this foreclosure action. The Final Judgment of Foreclosure in this case provides for payment of $32,000 due as principal and $36,090.73 as interest due to the date of judgment, for a total of $68,090.73, the total to bear interest at the statutory rate of 12% per year. Appellants contend that this is a provision for interest on pre-judgment interest and is erroneous based on LaFaye v. Presser, 554 So.2d 610 (Fla. 1st DCA 1989), however, we conclude Presser does not apply to the award of interest in the present case. In Presser, this court reversed an award of interest as "an inappropriate award of compound interest, because it required interest to accrue `on a sum that is itself interest.'" The context of that statement was entirely different than the context of the present case.
In Presser, the award of pre-judgment interest was made in a suit for an accounting between members of a professional accounting firm. The trial court awarded both statutory pre-judgment interest from the date the complaint was filed and post-judgment interest on the entire amount of the judgment including the pre-judgment interest. The cases which provided the foundation for Presser, United Services Auto Ass'n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988), and Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA 1966), neither of which involved foreclosure, speak in terms of compound interest on sums awarded. In such a case, pre-judgment interest is an element of pecuniary damages, see Florida Steel Corp. v. Adaptable Developments, Inc., 503 So.2d 1232 (Fla. 1986); Argonaut Ins. Co. v. May Plumbing Co, 474 So.2d 212 (Fla. 1985).
In the present case, however, the note and mortgage, by which appellants agreed to repay the principal amount of $32,000, provided for the payment of interest on that principal in the amount of 12% per annum. Monthly installment payments were to be $329.16 including principal and interest, with the entire balance of principal and interest due by October 1, 1988. Thus this case does not involve an award of prejudgment interest as an element of compensatory damages as did Presser, rather, the interest was part of the amount appellants agreed to pay. See generally 37 Fla.Jur.2d "Mortgages" § 333 ("[i]n adjudication of the amount due on a mortgage debt for interest, the debt bears interest at the contract rate to the date of the final decree. After the date of the decree, the total indebtedness, including principal and interest, attorneys fees, and expenses adjudged by the decree to have been incurred, bears interest at the statutory rate *1258 applicable to judgments and decrees generally"). See also 22 Am.Jur.2d "Damages" § 649; 45 Am.Jur.2d "Interest and Usury" § 1 (distinction between interest contracted for and interest as damages). But see Sciandra v. First Union National Bank, 638 So.2d 1009, 1010 (Fla. 2d DCA 1994) (Alterbernd, J. specially concurring, fn.1).
In addition, the trial court used the final judgment form provided in Florida Rule of Civil Procedure 1.996. We note that while the forms provided in the rules for small claims (rule 7.340) and default judgments (rule 1.988(b)) have been amended to eliminate provisions for interest on prejudgment interest, the form for foreclosure judgments in rule 1.996 has not been changed. See In re Amendments to Florida Rules of Civil Procedure, 604 So.2d 1110 (Fla. 1992); In re Amendments to the Florida Small Claims Rules, 601 So.2d 1201 (Fla. 1992); Sciandra, 638 So.2d at 1010 (fn.2).
We are aware of the conflict among the district courts regarding the propriety of awards of interest upon pre-judgment interest. None of the cases involved in this conflict are foreclosure actions, however.[1]
We conclude that the interest issue in this case is not controlled by Presser. We AFFIRM the final judgment of foreclosure in all respects.
BOOTH and MINER, JJ., concur.
NOTES
[1] Federal Kemper Life Assurance Co. v. Smith, 642 So.2d 853 (Fla. 4th DCA 1994); Sciandra v. First Union National Bank, 638 So.2d 1009 (Fla. 2d DCA 1994); S & E Contractors, Inc. v. City of Tampa, 629 So.2d 883 (Fla. 2d DCA 1993); Underwriters at Lloyd's London v. Millar, 627 So.2d 1188 (Fla. 4th DCA 1993); Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993) (certifying conflict); Perez Sandoval v. Banco De Commercio, 582 So.2d 179 (Fla. 3d DCA 1991). Contra Utica Mutual Insurance Co. v. Pennsylvania National Mutual Casualty Insurance Co., 639 So.2d 41 (Fla. 5th DCA 1994) (certifying conflict); Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992).