FRANK, Chief Judge.
This matter arises from an automobile accident and an underlying claim which Auto-Owners Insurance Company was obligated to defend. Auto-Owners raises several points in its appeal from a partial summary judgment and a multi-million dollar final judgment entered in favor of Neva Brubaker and Julie L. Farber. Brubaker and Farber claim that Auto-Owners.breached its duty to defend them and refused in bad faith to settle a *1055 claim asserted against them which terminated in a default judgment. The duty of an insurance carrier to defend an insured is adequately defined in our opinion in International Surplus Lines Ins. Co. v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991), and requires no further comments in the present setting. Thus, we affirm the trial court in all respects, save one. Contrary to doctrine long followed in this district, the final judgment awards postjudgment interest on the amount found due as prejudgment interest. See Cooper v. Gibson Group, Ltd. of Pinellas County, Inc., 640 So.2d 156 (Fla. 2d DCA 1994); City of Tampa v. Janke Constr., Inc., 626 So.2d 239 (Fla. 2d DCA 1993) (an award of prejudgment interest cannot itself bear interest).
Accordingly, we affirm but reverse the award of postjudgment interest and remand for the trial court’s reconsideration in the light of our opinion.
RYDER and THREADGILL, JJ., concur.