PARIENTE, Judge,
specially concurring.
I concur in the majority’s affirmance of the judgment, but reluctantly concur in the reversal of that part of the final judgment which constitutes an award of interest on prejudgment interest only because that result is in accord with the prior decisions of this court in Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526, 527 (Fla. 4th DCA 1993), and followed in Underwriters at Lloyd’s London v. Millar, 627 So.2d 1188 (Fla. 4th DCA 1993). However, I agree with the logic of Judge Altenbernd’s special concurrence in Sciandra v. First Union National Bank of Florida, 638 So.2d 1009 (Fla. 2d DCA 1994), that prejudgment interest, as an element of damages, merges into the final judgment, and therefore an award of prejudgment interest should be treated no differently than any other element of damages.
This court in Central Constructors held that postjudgment interest may not be awarded on that portion of a damages award which constitutes prejudgment interest. At that time we simply followed the “lead” of the first district, as set forth in LaFaye v. Presser, 554 So.2d 610 (Fla. 1st DCA 1990), and United Services Automobile Ass’n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988). The legal basis of the holding, as enunciated in these cases, is that the award of interest on a sum that is itself interest is tantamount to an improper award of compound interest.
I agree with the reasoning of the fifth district in Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992), which stated that post-judgment interest may be awarded on a damages award which includes prejudgment interest. In Peavy, the fifth district explained that the supreme court in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), had held that prejudgment interest is simply another element of pecuniary damages, as the failure of the defendant to surrender monies owed to the plaintiff is itself a wrongful deprivation of the plaintiffs property. The fifth district reasoned that once this element of damages is established, as in the case of any other element, the amount awarded should automatically bear postjudgment interest.
I agree with the certification of conflict with Peavy, as we did in Central Bank of the South v. Seppala & Aho Construction Co., 658 So.2d 1248 (Fla. 4th DCA 1995).