601 So.2d 1201 (1992)
In re AMENDMENTS TO THE FLORIDA SMALL CLAIMS RULES.
No. 79618.
Supreme Court of Florida.
July 16, 1992.
Benjamin H. Hill, President, Tampa, Alan T. Dimond, President-elect, Miami, and John F. Harkness, Jr., Executive Director, *1202 Tallahassee, of The Florida Bar, and Thomas B. Freeman, Chair, Small Claims Rules Committee, Clearwater, for petitioner.
PER CURIAM.
The Florida Bar Small Claims Rules Committee has submitted its quadrennial report of proposed changes to the Florida Small Claims Rules. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
The rules committee proposes substantive amendments to rule 7.070 and form 7.340 and adoption of new form 7.345; all other recommended changes are editorial. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed amendments were submitted to The Board of Governors of The Florida Bar for its recommendation. The proposed substantive changes met with unanimous approval by the Board of Governors. The proposed changes were published for comment; only one comment dealing with form 7.340 was filed.
The rules committee recommends that rule 7.070, which currently provides for service by registered mail, be amended to provide for service by certified mail. The committee believes that, of the two methods of service by mail, service by certified mail is the more convenient and cost effective. The proposed amendment conforms rule 7.070 with the practice in most jurisdictions and makes the rule consistent with other Florida provisions that call for service by certified mail.
The rules committee recommends that an optional enforcement paragraph be added to final judgment form 7.340. The rules committee believes the enforcement paragraph will facilitate discovery for collection of a judgment by giving the judgment debtor notice of the information that will be required for initial discovery in aid of execution. If the optional enforcement paragraph is included in the final judgment, the judgment debtor will be ordered to complete a fact information sheet, form 7.343, and return it to the plaintiff or plaintiff's attorney within forty-five days of the final judgment, unless the judgment is satisfied or a motion for new trial or notice of appeal is filed. Thus, the judgment creditor will know within forty-five days from the entry of judgment whether it will be necessary to file for post-judgment relief. The rules committee believes that use of the enforcement paragraph will reduce court time and expense involved in post-judgment enforcement proceedings.
Finally, the rules committee recommends that we adopt new form 7.345, entitled Stipulation for Installment Settlement and Stay and Order Approving Stipulation. The committee believes that a standard settlement form providing for installment payments is preferable to the varying forms currently being used for settlements in the different counties.
The sole comment received in connection with these rules was filed by Judge Harvey Goldstein who points out that as currently drafted form 7.340 provides for statutory post-judgment interest on a total sum that includes the prejudgment interest award. This results in interest on interest or compound interest. See LaFaye v. Presser, 554 So.2d 610 (Fla. 1st DCA 1989); United Services Auto. Ass'n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988).
After reviewing the report of the rules committee and the comments of Judge Goldstein, we approve the appended amendments to the Florida Small Claims Rules. The amendments reflect the substantive changes recommended by the rules committee as well as a number of stylistic and editorial changes that are made to, among other things, ensure that the rules are gender neutral. We also have amended form 7.340 to ensure that post-judgment statutory interest will not be awarded on the prejudgment interest award. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 1993 at 12:01 a.m.
It is so ordered.
*1203 BARKETT, C.J. and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

RULE 7.010. TITLE AND SCOPE
(a) Title. These rules shall be cited as Florida Small Claims Rules and may be abbreviated "SCRFla.Sm.Cl.R." These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.
(b) Scope. These rules are applicable to all actions at law of a civil nature in the county courts in which the demand or value of property involved does not exceed $2,500.00 exclusive of costs, interest, and attorneys' fees; if there is a difference between the time period prescribed by these rules and by Ssection 51.011, Florida Statutes, the statutory provision shall govern.

Committee Notes
1978 Amendment. The addition to (b) is designed to eliminate confusion caused by denomination of Ssection 51.011, Florida Statutes, as "Summary Procedure."

RULE 7.020. APPLICABILITY OF RULES OF CIVIL PROCEDURE
(a) Generally. Florida Rules of Civil Procedure 1.090(a), (b), and (c); 1.190(e); 1.210(b); 1.260; 1.410; and 1.560 are applicable in all actions covered by these rules.
(b) Discovery. Any party represented by an attorney is subject to discovery pursuant to Florida Rules of Civil Procedure 1.280-1.370 directed at said party, without order of court. ShouldIf a party proceeding without an attorney directs discovery to a party represented by an attorney, the represented party may also utilizeuse discovery pursuant to the above-mentioned rules without leave of court. Wheren a party is unrepresented and has not initiated discovery pursuant to Florida Rules of Civil Procedure 1.280-1.370, the opposing party shall not be entitled to initiate such discovery without leave of court. However, the time for such discovery procedures may be prescribed by the court.
(c) Additional Rules. In any particular action, the court may order that action to proceed under one1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties on the court's own motion.

Committee Notes
Former rule 7.020(b) is transferred to Rule 7.030.
1972 Amendment. Subdivision (a) is amended by giving the court authority to supply additional Rrules of Ccivil Pprocedure in any particular case on the application of a party, stipulation of all parties, or order on the court's own motion.
1978 Amendment. These proposed amendments would help prevent overreaching and the ability of one party to obtain judgment without giving the court the full opportunity to consider the merits of the case. Wheren attorneys are involved, itthe rule would preserve the ability of the parties to fully develop their cases.

RULE 7.040. CLERICAL AND ADMINISTRATIVE DUTIES OF CLERK
(a) Generally. The clerk of the circuit court or the clerk of the county court in those counties where such a clerk is provided (hereinafter referred to as the clerk) shall:
(1) Mmaintain a trial calendar,. and tThe placing of any action thereon with the date and time of trial is notice to all concerned of the order in which they may expect such action to be called,;
(2) Mmaintain a docket book and a judgment book (which may be the same book) in which accurate entries of all actions brought before the court and notations of the proceedings shall be made including the date of filing; the date of issuance, service, and return of process; the appearance of such parties as may appear; the fact of trial, whether by court or jury; the issuance of execution and to whom issued and the date thereof and return thereon and, when satisfied, a marginal entry of the date thereof; the issuance of a certified copy; a memorandum of the items of costs including witness fees; and the record of the verdict of the jury or finding of the judge, and the judgment, including damages and costs, which judgments may be kept in a separate judgment book.; and
*1204 (3) Mmaintain an alphabetical index by parties' names with reference to action and case number.
(4b) Minute Book. It shall not be necessary for the clerk to maintain a minute book for summarysmall claims.

Note
Amended to conform to Fla. Const., art. V.
Subsection (4) is added as tThere is no longer any use for a minute book.

Court's Commentary
1972 Amendment. See also Rrule 7.050(c).

RULE 7.050. COMMENCEMENT OF ACTION; STATEMENT OF CLAIM
(a) Commencement.
(1) Statement of Claim. Actions are commenced by the filing of a Sstatement of Cclaim in concise form, which shall inform the defendant of the basis and the amount of the claim. If the claim is based upon a written document, a copy, or the material part thereof, shall be attached to the Sstatement of Cclaim.
(2) Party Not Represented by Attorney to Sign. A party, individual, or corporation, who or which has no attorney handling such cause, shall sign his or itsthat party's statement of claim or other paper and state his or itsthat party's address and telephone number, including area code. Provided, hHowever, if the trial court in its discretion shall determines that the plaintiff is engaged in the business of collecting claims, and holds such claim being sued upon, by purchase, assignment, or management arrangement in the operation of such business, the court may require suchthat corporation to provide counsel in the prosecution of the cause. A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized by an officer of the corporation.
(b) Parties. The names, addresses, and telephone numbers, including area code, of all parties or their attorneys, if any, must be stated thereinon the statement of claim. Additionally, attorneys shall include their Florida Bar number on all papers filed with the court.
(c) Clerk's Duties. The clerk shall assist in the preparation of a Sstatement of Cclaim and other papers to be filed in the action at the request of any litigant. The clerk shall not be required to prepare papers on constructive service, substituted service, proceedings supplementary to execution, or discovery procedures.
(d) Memorandum on Hearing Date. The court shall furnish all parties with a memorandum of the day and hour set for the hearing.
(e) Replevin. In those replevin cases to which these rules are applicable, the clerk of the county court shall set the hearing required by Ssection 78.065(2)(a), Florida Statutes (pre-judgmentprejudgment replevin order to show cause hearings) and Rrule 7.050(d), Small Claims Rules (pretrial conferences) at the same time.

Committee Notes
1988 Amendment. Subdivision (a)(2): To clarify who may appear and represent a corporation in a small claims case.
Subdivision (b): First sentence is to conform Florida Small Claims Rules with Florida Rules of Judicial Administration 2.060(d) and 2.060(e). Second sentence is to conform to proposed amendment to rules of judicial administration.
Subdivision (e): Require that the order to show cause hearing required in small claims repelvin cases and the pretrial conference required by the small claims rules be held at the same time to save time and avoid confusion.

Court's Commentary
1972 Amendment. The statement of claim need not be verified.
Subparagraphdivision (c) is amended so as to provide that the clerk shall not be required to prepare papers on substituted service.

RULE 7.060. PROCESS AND VENUE
(a) Summons Required. A summons entitled Notice to Appear stating the time and place of hearing shall be served on the defendant. The summons or notice to appear *1205 shall inform the defendant, in a separate paragraph containing bold type, of histhe defendant's right toof venue. This paragraph on venue shall read:
Right to Venue. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant, have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:
1. Where the contract was entered into;.
2. If the suit is on an unsecured promissory note, where the note is signed or where the maker resides;.
3. If the suit is to recover property or to foreclose a lien, where the property is located;.
4. Where the event giving rise to the suit occurred;.
5. Where any one or more of the defendants sued reside;.
6. Any location agreed to in a contract.
7. In an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.
If you, as a defendant, believe the plaintiff has not sued in one of these correct places, you maymust appear on your court date and orally request a transfer, or you maymust file a written request for transfer, in affidavit form (sworn to under oath) with the court seven7 days prior to your first court date and send a copy to the plaintiff or plaintiff's attorney, if any.
(b) Copy of Claim to Be Served. A copy of the statement of claim shall be served with the summons/notice to appear.

Committee Notes
1988 Amendment. A statement is added to the "right to venue notice" on the summons/notice to appear that proper venue also lies in the county where payment is to be made. This conforms with Florida law.
Clarification has been made that the notice is now known as the summons/notice to appear.

Court's Commentary
1980 Amendment. If the statutory venue, chapter 47, Florida Statutes, is changed by the legislature, this change should be reflected in the required notice.

RULE 7.070. METHOD OF SERVICE OF PROCESS
Service of process shall be effected as provided by law, or as provided by Florida Rules of Civil Procedure 1.070. Constructive service or substituted service of process may be effected as provided by law. Service of process on Florida residents only may also be effected by registeredcertified mail, return receipt signed by the defendant, or someone authorized to receive mail at the residence or principal place of business of the defendant, the cost of which is in addition to the filing fee.

Committee Notes
1978 Amendment. Present rule provides for certified or registered mail. Certified mail has not been satisfactory since the Postal OfficeService does not deliver to the defendant in all cases.
1984 RevisionAmendment. Mail service is allowed on persons authorized to receive mail for the defendant similar to substituted service by the sheriff on a resident of the defendant's abode. The proposal clarifies the rule that service by mail is not available for out-of-state defendants.
1992 Amendment. The committee has found that most jurisdictions forward the summons and complaint for service by certified mail rather than registered mail. Therefore, the rule is changed to conform to the custom and to be more in keeping with the other service requirements that are required by certified mail as opposed to registered mail.

Court's Commentary
1972 Amendment. The payment of costs of service by certified or registered mail from the filing fee is authorized by Fla. Stat. Ssection 34.041(1), Florida Statutes,; chapter 72-404, Laws of FloridaFlorida Laws, Ch. 72-404.

*1206 RULE 7.080. SERVICE OF PLEADINGS AND PAPERS OTHER THAN STATEMENT OF CLAIM
(a) Service; When Required. Copies of all pleadings and papers subsequent to the notice to appear, except applications for witness subpoenas and orders and judgments entered in open court, shall be served on each party. One against whom a default has been entered is entitled to be served only with pleadings asserting new or additional claims.
(b) Same; How Made. When a party is represented by an attorney, service of papers other than the statement of claim and notice to appear shall be made upon the attorney unless the court orders service to be made upon the party. Service shall be made by delivering the paper to the party or histhe party's attorney, as the case may be, or by mailing it to histhe party's last known address.
(c) Filing. All original pleadings and papers shall be filed with the court either before service or immediately thereafter. The court may allow a copy to be substituted for the original of any document.
(d) Filing Wwith the Court Defined. The filing of papers with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the papers to be filed with himthe judge, in which event hethe judge shall note thereon the filing date and transmit them to the clerk, and the clerk shall file them as of the same date they were filed with the judge.
(e) Certificate of Service.
(1) When any party or his attorney in substance certifies:
"I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this _______ day of _________________, 19__.
 _____________________________
 Party or hisparty's attorney"
the certificate is prima facie proof of such service in compliance with all rules of court and law.
(2) When any paper is served by the clerk, a docket entry shall be made showing the mode and date of service. Such entry is sufficient proof of service without a separate certificate of service.

Court's Commentary
1972 Amendment. SectionsSubdivisions (a), (b), (c), (d), and (e) are substantially the same as FRCPFlorida Rule of Civil Procedure 1.080(a), (b), (d), (e), and (f).

RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE
(a) Appearance. On the date and time appointed in the notice to appear, the plaintiff and defendant shall appear personally or by counsel.
(b) Notice to Appear; Pretrial Conference. The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 35 days from the date of the filing of the action. At the pretrial conference, all of the following matters shall be considered:
(1) tThe simplification of issues;.
(2) tThe necessity or desirability of amendments to the pleadings;.
(3) tThe possibility of obtaining admissions of fact and of documents that avoid unnecessary proof;.
(4) tThe limitations ofn the number of witnesses;.
(5) tThe possibilities of settlement; and.
(6) sSuch other matters as the court in its discretion deems necessary.
Form 7.322 shall and Fform 7.323 may be used in conjunction with this rule.
(c) Defensive Pleadings. Unless required by order of court, written pretrial motions and defensive pleadings are not necessary. If filed, copies of such pleadings shall be served on all other parties to the action at or prior to the pretrial conference or within such time as the court may designate. The filing of a motion or a defensive pleading shall not excuse the personal appearance of a party or his attorney on the initial appearance date (pretrial conference).
*1207 (d) Trial Date. The court shall set the case for trial not more than 60 days from the date of the pretrial conference. At least 10 days' notice of the time of trial shall be given. The parties may stipulate to a shorter time for setting trial with the approval of the court. This rule does not apply to actions to which chapter 51, Florida Statutes, applies.
(e) Waiver of Appearance at Pretrial Conference. Where all parties are represented by an attorney, counsel may agree to waive personal appearance at the initial pretrial conference, if a written agreement of waiver signed by all attorneys is presented to the court prior to or at the pretrial conference. SaidThe agreement shall contain a short statement of the disputed issues of fact and/or law, the number of witnesses expected to testify, an estimate of the time needed to try the case, and any stipulations of fact. The court shall forthwith set the case for trial within the time prescribed by these rules.
The parties may stipulate to a shorter time with the approval of the court. This rule does not apply to actions to which Chapter 51, Florida Statutes applies.

Committee Notes
1972 Amendment. Rule 7.120 is incorporated in subdivision (c). It is slightly expanded to provide for a computation period from service by mail and to give the parties the right to stipulate to a shorter time for the trial.
1984 RevisionAmendment. This change requires the use of a pretrial procedure and requires both parties to attend the pretrial conference which can be used to resolve pretrial motions. The use of a pretrial previously varied from county to county.
1988 Amendment. (b) 1st sentence  Chair's clarification.
2nd sentence  Require the clerk to set the initial pretrial conference within a reasonable time after filing of the action taking into consideration the fact that the time standards guideline for small claims cases is 95 days.
3rd sentence  State within the small claims rules what matters shall be considered at the pretrial conference rather than by reference to Florida Rule of Civil Procedure 1.220(a), which has been amended several times and is generally not applicable to small claims cases.
4th sentence  Direct that new form 7.322 shall and that new form 7.323 may be used statewide.
(c) Clarifies that a personal appearance is required at the pretrial conference when a defense motion is filed.
(e) Adds a provision for waiving counsel's appearance at the pretrial conference where all parties are represented by counsel.

RULE 7.100. COUNTERCLAIMS, SETOFFS, THIRD-PARTY COMPLAINTS, TRANSFER WHEN JURISDICTION EXCEEDED
(a) Compulsory Counterclaim. Any claim of the defendant against the plaintiff, arising out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, shall be filed not less than five5 days prior to the appearance date or within such time as the court designates or it is deemed to be abandoned.
(b) Permissive Counterclaim. Any claim or setoff of the defendant against the plaintiff, not arising out of the transaction or occurrence which is the subject matter of the plaintiff's claim, may be filed not less than five5 days before the appearance date or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court.
(c) How Filed. Counterclaims and setoffs shall be filed in writing. If additional time is needed to prepare a defense, the court may continue the action.
(d) Transfer When Bbeyond Jurisdiction. When a counterclaim or setoff exceeds the jurisdiction of the court, it shall be filed in writing before or at the hearing, and the action shall then be transferred to the court having jurisdiction thereof. As evidence of good faith, the counterclaimant shall deposit a sum sufficient to pay the filing fee in the court to which the case is to be transferred with histhe counterclaim, *1208 which shall be sent with the record to the court to which transferred. Failure to make the deposit waives the right to transfer.
(e) Third-Party Complaints. A defendant may cause a statement of claim to be served upon a person not a party to the action who is or may be liable to himthe defendant for all or part of the plaintiff's claim against himthe defendant. A defendant must obtain leave of court on motion made at the initial pretrial conference and must file the third-party complaint within such time as the court may allow. The clerk shall schedule a supplemental pretrial conference, and on the date and time appointed in the notice to appear the third-party plaintiff and the third-party defendant shall appear personally or by counsel. If additional time is needed for the third-party defendant to prepare a defense, the court may continue the action. Any party may move to strike the third-party claim or for its severance or separate trial. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third-party defendant under circumstances that would entitle a defendant to do so under this rule.

Committee Notes
1988 Amendment. Provides for and authorizes third-party claims so that all issues may be addressed and resolved. Also provides for a title change.

RULE 7.110. DISMISSAL OF ACTIONS
(a) Voluntary Dismissal; Effect Thereof.
(1) By Parties. Except in actions where property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court, (iA) by the plaintiff informing the defendant and clerk of the dismissal before the trial date fixed in the notice to appear, or before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (iiB) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated, the dismissal is without prejudice, except that a dismissal operates as an adjudication upon the merits when a plaintiff has once dismissed in any court an action based on or including the same claim.
(2) By Order of the Court; If Counterclaim. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party's instance except upon order of the court and on such terms and conditions as the court deems proper. If a counterclaim has been made by the defendant before the plaintiff dismisses voluntarily, the action shall not be dismissed against the defendant's objections unless the counterclaim can remain pending for independent adjudication. Unless otherwise specified in the order, a dismissal under this paragraphsubdivision is without prejudice.
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against himthat party for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief without waiving histhe right to offer evidence in the event the motion is not granted. The court may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.
(c) Dismissal of Counterclaim. The provisions of this rule apply to the dismissal of any counterclaim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this Sstate commences an action based upon or including the same claim against the same adverse party, the *1209 court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court, or otherwise for a period of six6 months shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after 30 days' notice to the parties, unless a party before the hearing on the motion shows good cause in writing why the action should remain pending.

Committee Notes
1978 Amendment. Former rulesubdivision (e) provided for one1 year rather than 6 months.
1984 RevisionAmendment. Subsection-division (e) is changed to allow more time for an attorney to inquire about the status of a claim. Many actions are disposed of by a stipulation to pay, and it may take longer than ten10 days to determine the amount due, if any.

Court's Commentary
1972 Amendment. Substantially the same as FRCPFlorida Rule of Civil Procedure 1.420. See also § 45.19(1), Florida Statutes.

RULE 7.130. CONTINUANCES AND SETTLEMENTS
(a) Continuances. A continuance may be granted only upon good cause shown. The motion for continuance may be oral, but the court may require that it to be reduced to writing. The action shall be set again for trial as soon as practicable and the parties shall be given timely notice.
(b) Settlements. Settlements in full or by installment payments made by the parties out of the presence of the court are encouraged. The plaintiff shall notify the clerk of settlement, and the case may be dismissed or continued pending payments. Upon failure of a party to perform the terms of any stipulation or agreement for settlement of the claim before judgment, the court may enter appropriate judgment without notice upon the creditor's filing of an affidavit by the creditor of the amount due.

Committee Notes
1984 RevisionAmendment. Subsection-division (b) is altered to conform with Rrule 7.210(c), which provides for an affidavit but no notice.

RULE 7.135. SUMMARY JUDGMENT
At pre-trialpretrial hearing or at trial, if there is no triable issue, the court shall summarily enter an appropriate order or judgment.

RULE 7.140. TRIAL
(a) Time. The trial date shall be set by the court at pretrial.
(b) Determination. Issues shall be settled and motions determined summarily.
(c) Pretrial. ThisThe pretrial conference should narrow contested factual issues. The case may proceed to trial with the consent of both parties.
(d) Settlement. At any time before judgment, the judge shall make an effort to assist the parties in settling the controversy by conciliation or compromise.
(e) Assistance by Court. In an effort to secure substantial justice, the court shall assist any party not represented by an attorney on:
(1) Pprocedure to be followed,;
(2) Ppresentation of material evidence,; and
(3) Qquestions of law.
(f) How Conducted. The trial may be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply but are to be liberally construed. At the discretion of the court, testimony of any party or witness may be presented over the telephone. Additionally, at the discretion of the court an attorney may represent a party or witness over the telephone without being physically present before the court.

*1210 Committee Notes
1984 RevisionAmendment. (a) Changed to conform this rule with the requirement for pretrials.
(c) Allows the cases to proceed to trial with consent of the parties.
(f) This is similar to the proposed amendment to the Florida Rules of Civil Rules-Procedure to allow depositions by telephone. Since the court has discretion to allow this testimony, all procedural safeguards could be maintained by the court. Since the court is also the trier of fact, the testimony could be rejected if unreliable.
1988 Amendment. Extends the taking of testimony over the telephone to include parties, deletes the agreement of the parties provision, and adds authorization for an attorney to represent a party or witness over the telephone without being physically present before the court.

RULE 7.150. JURY TRIALS
Jury trials may be had upon written demand of the plaintiff at the time of the commencement of histhe suit, or by the defendant within five5 days after service of notice of suit or at pretrial conference, if any, or. oOtherwise jury trial shall be deemed waived.

Committee Notes
1984 RevisionAmendment. The purpose of the cost deposit formerly required was to discourage frivolous demands for jury trials. The committee feels that there should be no distinction between the taxation of costs in a $300.00 claim orand a $3,000.00 claim.

RULE 7.170. DEFAULT; JUDGMENT
(a) Default. If defendant does not appear at the scheduled time, the plaintiff is entitled to a default to be entered by either the judge or clerk.
(b) Final Judgment. After default is entered, the judge shall receive evidence establishing the damages and enter judgment in accordance with the evidence and the law. The judge may inquire into and prevent abuses of venue prior to entering judgment.

NoteCourt's Commentary
1972 Amendment. Evidence may be by testimony, affidavit, or other competent means.
1980 Amendment. By the amendment to this rule, the judge is permitted to ensure by any means which hethe judge deems appropriate that venue is not being abused.

RULE 7.180. MOTIONS FOR NEW TRIAL; TIME FOR; CONTENTS
(a) Time. A motion for new trial shall be filed not later than 10 days after return of verdict in a jury action or the date of filing of the judgment in a nonjury action. A timely motion may be amended to state new grounds at any time before it is disposed of in the discretion of the court.
(b) Determination. The motion shall set forth the basis with particularity. Upon examination of the motion, the court may find it without merit and deny it summarily, or may grant a hearing on it with notice.
(c) Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.

Committee Notes
1972 Amendment. SectionsSubdivisions (a) and (c) are substantially the same as FRCPFlorida Rule of Civil Procedure 1.530(b) and (f).
1984 RevisionAmendment. This change will be in conformity with the proposed amendment to Florida Rule of Civil Procedure 1.530, Florida Rules of Civil Procedure.

RULE 7.190. RELIEF FROM JUDGMENT OR ORDER; CLERICAL MISTAKES
(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time ofn its own initiative or on the motion of any party and after such notice, if any, as the court orders. *1211 During the pendency of an appeal, such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud,; etc. On motion and upon such terms as are just, the court may relieve a party or hisa party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one1 year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

RULE 7.200. EXECUTIONS
Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or histhat party's attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been rendered nor within the time for serving a motion for new trial and, if a motion for new trial is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.

RULE 7.210. STAY OF JUDGMENT AND EXECUTION
(a) Judgment or Execution or Levy Stayed. When judgment is to be entered against a party, the judge may inquire and permit inquiry about the earnings and financial status of the party and has discretionary power to stay an entry of judgment, or, if entered, to stay execution or levy upon such terms as are just and in consideration of a stipulation on the part of the judgment debtor to make such payments as will iensure a periodic reduction of the judgment until it is satisfied.
(b) Stipulation. The judge shall note the terms of such stipulation in the file; the stipulation may be set out in the judgment or made a part of the judgment by reference to "the stipulation made in open court."
(c) Execution. When judgment is entered and execution stayed pending payments, if the judgment debtor fails to pay the installment payments, the judgment creditor may have execution without further notice for the unpaid amount of the judgment upon filing an affidavit of the amount due.
(d) Oral Stipulations. Oral stipulations may be made in the presence of the court that upon failure of the judgment debtor to comply with any agreement, judgment may be entered or execution issued, or both, without further notice.

Committee Notes
1988 Amendment. Adds the staying of levy as an alternative for the court when arranging payment. Provides lien rights priority protection for judgment creditors.

RULE 7.220. SUPPLEMENTARY PROCEEDINGS
Proceedings supplementary to execution may be had in accordance with proceedings provided by law or by the Florida Rules of Civil Procedure.

RULE 7.221. HEARING IN AID OF EXECUTION
The judge, at the request of the judgment creditor, shall order a judgment debtor to appear at a hearing in aid of execution at a time certain 30 or more days from the date of entry of a judgment for the purpose of inquiring of the judgment debtor under oath as to earnings, financial status, and any assets available in excess of exemptions to be applied towards satisfaction *1212 of judgment. The provisions of this rule shall only apply to a judgment creditor who is a natural person and was not represented by an attorney prior to judgment. Forms 7.342, 7.343, and 7.344 shall be used in connection with this rule.

Committee Notes
1988 Amendment. Provides a procedure for postjudgment, court-assisted discovery for natural person judgment creditors, unrepresented by counsel prior to judgment.

RULE 7.230. APPELLATE REVIEW
Review of orders and judgments of the courts governed by these rules shall be prosecuted in accordance with the Florida Appellate Rules of Appellate Procedure.

Committee Notes
1972 Amendment. Attention is directed to Florida Appellate Rule 4.7, F.A.R., which authorizes the Ccircuit Ccourt to modify or dispense with any of the steps to be taken after filing of the notice of appeal.

FORM 7.310. CAPTION
 CAPTION OF PLEADINGS
 (nName of Ccourt)
A. __ B., )
 )
 Plaintiff, )
 -vs- ) No. _____________________
 )
C. __ D., )
 )
 Defendant. )
 (dDesignation of Ppleading)
FORM 7.320. SUMMONS
(CAPTION)
 SUMMONS
The State of Florida to: ___________, defendant: You are notified that the
above named plaintiff has made a claim and is requesting judgment against
you in the sum of $ ____, as shown by the Statement of Claim, with court
costs and you are required to appear in person or by attorney in _____ at
_____ Florida, on ____, 19__ at ____ o'clock __ M. IF YOU FAIL TO APPEAR ON
THAT DATE, IN PERSON OR BY ATTORNEY, A JUDGMENT WILL BE ENTERED AGAINST YOU.
 Do not bring witnesses on that date. You must advise the clerk by mail or
phone of any change in your mailing address.
 Dated at _________, Florida, on _____, 19__.
 _______________________________
 As Clerk of the ________
Court
FORM 7.321. SUMMONS (NOTICE TO APPEAR)
(CAPTION)
 SUMMONS
 (NOTICE TO APPEAR)
The State of Florida to: ____________, defendant: You are notified that the
above named plaintiff has made a claim and is requesting judgment against
you in the sum of $ ____, as shown by the statement of claim, together with
court costs.
 This Court will hear and try this claim on ______, 19__ at ____ o'clock
__ M. at ____.

*1213
 You are required to be present at this hearing in order to avoid a
judgment by default against you. Please bring this notice with you.
 If you have witnesses, books, receipts, or other writings bearing on this
claim, you should bring them with you at the time of the hearing.
 If you wish to have witnesses summoned, see the Clerk at once for
assistance.
 If you desire to file any counterclaim or set off to plaintiff's said
claim, it must be filed with the clerk of this Court by you or your attorney
in writing at least five (5) days prior to the above date set for trial of
said claim.
 You may come with or without an attorney.
Dated at ______, Florida this ____, 19__.
(SEAL)
 __________________________________
 Clerk of the Court
 NOTE
 This form is for trial date only and contemplates one hearing at which the
trial will be held.
FORM 7.322. SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE
(CAPTION)
STATE OF FLORIDA  NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
____________________________________________________________________________
____________________________________________________________________________
____________________________________________________________________________
YOU ARE HEREBY NOTIFIED that you are required to appear in person or by
attorney at the __________ in Courtroom # ______, located at ______________,
on the _______ day of ________________, 19__, at __ M.m.; for
a PRETRIAL CONFERENCE before a judge of this court.
 IMPORTANT  READ CAREFULLY
 THE CASE WILL NOT BE TRIED AT THAT TIME
 DO NOT BRING WITNESSES  APPEAR IN PERSON OR BY ATTORNEY
 The defendant(s) must appear in court on the date specified in order to
avoid a default judgment. The plaintiff(s) must appear to avoid having the
case dismissed for lack of prosecution. A written MOTION or ANSWER to the
court by the plaintiff(s) or the defendant(s) shall not excuse the personal
appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date
and/or time of the pretrial conference CANNOT be rescheduled without good
cause and prior court approval.
 The purpose of the pretrial conference is to record your appearance, to
determine if you admit all or part of the claim, to enable the court to
determine the nature of the case, and to set the case for trial if the case
cannot be resolved at the pretrial conference. You or your attorney should
be prepared to confer with the court and to explain briefly the nature of
your dispute, state what efforts have been made to settle the dispute,
exhibit any documents necessary to prove the case, state the names and
addresses of your witnesses, stipulate to the facts that will require no
proof and will expedite the trial, and estimate how long it will take to try
the case.
 If you admit the claim, but desire additional time to pay, you must come
and state the circumstances to the court. The court may or may not approve a
payment plan and withhold judgment or execution or levy.
RIGHT TO VENUE. The law gives the person or company who has sued you the
right to file in any one of several places as listed below. However, if you
have been sued in any place other than one of these places, you, as the
defendant(s), have the right to request that the case be moved to a proper
location or venue. A proper location or venue may be one of the following:
(1) Wwhere the contract was entered into; (2) Iif the suit is on an
unsecured promissory note, where the note is signed or

*1214
where the maker resides; (3) Iif the suit is to recover property or to
foreclose a lien, where the property is located; (4) Wwhere the event
giving rise to the suit occurred; (5) Wwhere any one or more of the
defendant(s) sued resides; (6) Aany location agreed to in a contract.; (7)
Iin an action for money due, if there is no agreement as to where suit may
be filed, proper venue lies in the county where payment is to be made.
 If you, as athe defendant(s), believe the plaintiff(s) has/have not sued
in one of these correct places, you must appear on your court date and
orally request a transfer, or you maymust file a WRITTEN request for
transfer in affidavit form (sworn to under oath) with the court seven7 days
prior to your first court date and send a copy to the plaintiff(s) or
plaintiff's(s') attorney, if any.
 A copy of the statement of claim shall be served with this summons.
 DATED at ____________________, Florida, on _____________, 19__.
 _____________________________________
 As Clerk of the County Court
7.323. PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL
 IN THE COUNTY COURT, FOR __________________ COUNTY, FLORIDA
 CIVIL DIVISION
 CASE NO. ____________________
______________________________________ _____ by self
______________________________________ _____ by agent ________________
Plaintiff Telephone __________ _____ by attorney ________________
 vs.
______________________________________ _____ by self
______________________________________ _____ by agent ________________
Defendant Telephone __________ _____ by attorney ________________
 PRETRIAL CONFERENCE ORDER AND NOTICE OF TRIAL
1. DEFENDANT: ISSUES:
 ____ denieds liability and damages ____ Liability and Ddamages
 ____ admits liability  denies damages ____ Liability only
 ____ granted ____ days to file a ____ Damages only
 counterclaim and/or third-party
 complaint
 ____ advised of probable need for expert
 testimony from
 ___________________________________
2. WITNESSES (total)
 ____ Plaintiff ____ Defendant _____ pParties advised of availability of
 subpoena power
3. EXHIBITS, DOCUMENTS, AND TANGIBLE EVIDENCE
 Plaintiff __________________________ Parties instructed that they must
 ____________________________________ permit inspection after notice or
 furnish copies to opposite party
 within ______ days:
 ______ Witnesses' names and
 addresses
 Defendant __________________________ ______ Documents and things to be
 ____________________________________ used at trial
4. DISCOVERY MAY BE HAD IN ACCORDANCE WITH SMALL CLAIMS RULE
7.020.

*1215
5. STIPULATION OR OTHER:
 TRIAL DATE: ______, 19__, at ____Mm., for ____ hour(s). PLACE: ________
 COUNTYounty COURTHOUSEourthouse, _________, COURTROOMourtroom NOo. ____,
 _____, FL. JUDGE: __________, TELEPHONEelephone NOo.: ____ ORDERED ON
 _________, 19__.
IMPORTANT  TURN OVER AND READ TRIAL INSTRUCTIONS ON REVERSE
SIDE.
RECEIVED FOR: ___________________________ ______________________________
 For Plaintiff For Defendant
[The following instructions are to be placed on the reverse side of the
order and notice of trial.]
 IMPORTANT  READ CAREFULLY!
YOU HAVE NOW ATTENDED A PRETRIAL CONFERENCE ON A SMALL CLAIMS ACTION. THIS
WILL BE THE ONLY NOTICE YOU WILL RECEIVE CONCERNING YOUR TRIAL DATE AND WHAT
YOU NEED TO DO TO PREPARE FOR YOUR TRIAL. DO NOT LOSE THIS ORDER AND NOTICE
OF TRIAL. YOU ARE NOW SCHEDULED FOR A TRIAL AS LISTED ON THE REVERSE SIDE OF
THIS PAPER. MAKE SURE YOU ARE AWARE OF ALL OF THE FOLLOWING:
 1. NON-JURYNONJURY TRIAL  You are now scheduled for a non-jurynonjury
 trial before a county court judge.
 2. TRIAL DATE  Do not forget your trial date. Failure to come to
 court on the given date at the right time may result in your losing
 the case and the other party winning.
 3. EXCHANGE OF DOCUMENTS AND INFORMATION  If the judge told you to submit
 any documents or give any information to the other party (such as a
 list of your witnesses' names and addresses), DO IT. Failure to do this
 as directed by the judge may cause court sanctions against you such as
 extra court costs, contempt of court, or delays.
 4. COUNTERCLAIMS  If you are the plaintiff and you have been given a
 written notice that a counterclaim has been filed against you in this
 lawsuit, this means that you are now being sued by the defendant. Also,
 if at the pretrial conference the judge allowed the defendant a certain
 number of days to file a counterclaim, the defendant must file that
 counterclaim within that number of days from the date of this pretrial
 conference order. If the defendant does that, the defendant has a claim
 now pending against you. If, at the time of the trial, the counterclaim
 has been properly filed, there are two2 lawsuits being considered by
 the judge at the same time,: the plaintiff's suit against the defendant
 and the defendant's suit against the plaintiff. In the event that both
 claims are settled by the parties, both parties should notify the Clerk
 of the County Court, Civil Division, _________, IN WRITING, of the
 settlement. Only after both the plaintiff and the defendant have
 notified the clerk in writing of the settlement is it not necessary for
 the parties to appear in court. Settlement of one claim, either the
 plaintiff's claim against the defendant or the defendant's claim
 against the plaintiff, has no effect as to the other claim, and that
 remaining claim will proceed to trial on the trial date listed on the
 pretrial conference order.
 5. THIRD-PARTY COMPLAINTS  If you are the defendant and you believe that
 the plaintiff may win histhe suit against you, but, if hethe plaintiff
 does, someone else should pay you so you can pay the plaintiff, then
 you must file a third-party complaint against that person and serve
 themthat person with notice of your claim. Once he is served, hethat
 person must appear in court as you have to answer your complaint
 against himthat person. This must be done prior to trial within the
 time allowed you by the judge.
 6. TRIAL PREPARATION  Bring all witnesses and all documents and all other
 evidence you plan to use at the trial. There is only one trial! Have
 everything ready and be on time. If the judge advised you at the
 pretrial conference hearing that you needed something for the trial,
 such as an expert witness (an automobile mechanic, an automobile body
 repairmanworker, a carpenter, a painter, etc.) or a particular document
 (a note, a lease, receipts, statements, etc.), make sure that you

*1216
 have that necessary person or evidence at the trial. Written estimates
 of repairs are usually not acceptable as evidence in court unless both
 parties agree that the written estimates are proper for the judge to
 consider or unless the person who wrote the estimates is present to
 testify as to how hethat person arrived at the amounts on the
 estimates and that those amounts are reasonable in histhat particular
 line of business.
 7. COURT REPORTER AND APPEALS  Your non-jurynonjury trial will not be
 recorded. If you wish a record of the proceedings, a court reporter is
 necessary. To obtain a court reporter to record your final hearing, you
 must immediately contact the official court reporter, _______, Florida
 ______, Phone (____) ______. The cost to secure the presence of a court
 reporter is a minimum of $ ____ for the first one-half hour or any
 portion thereof and $ ____ per each additional half hour or portion
 thereof. To have the record of the proceeding transcribed, the cost is
 $ ____ per page for the original and ______ per page for each copy.
 Payment for the court reporter's appearance must be made in advance to
 ________, the official court reporter. Appeals to a higher court
 because you are not satisfied with the outcome of the trial are
 governed by special rules. One of these rules requires that the
 appellate court have a complete record of the trial to review for
 errors. If you do not have a court reporter at your trial, your chances
 for success on appeal will be severely limited.
 8. SETTLEMENT  If all parties agree on settlement of all claims before
 trial, each party must notify the judge by telephone so that the
 allotted trial time may be reassigned to someone else. Immediately
 thereafter, the parties must, in writing, notify the clerk of the
 settlement, and the court will thereafter dismiss the case. The
 mailing address is: Clerk of the County Court, Civil Division, _______.
 9. ADDRESS CHANGES  All changes in mailing addresses must be furnished in
 writing to the clerk and to the opposing party.
 10. ADDITIONAL PROBLEMS  For anything you do not understand about the
 above information and for any additional questions you may have
 concerning the preparation of your case for trial, please contact the
 Clerk of the County Court, Civil Division, in person or by telephone
 (____) _____. The clerk is not authorized to practice law and therefore
 cannot give you legal advice on how to prove your case. However, the
 clerk can be of assistance to you in questions of procedure. In the
 event thatIf you need legal advice, please contact an attorney of your
 choice. If you know of none, call the _________ County Bar Association,
 Lawyer Referral Service, for assistance, (____) ______.
FORM 7.330. STATEMENT OF CLAIM (AUTO NEGLIGENCE)
(CAPTION)
 STATEMENT OF CLAIM
 The plaintiff sues the defendant and says: On or about ___________, in the
vicinity of _______________, on a public highway in ________________ County,
Florida, plaintiff's motor vehicle, being operated by ____________, was in
collisioncollided with defendant's motor vehicle, being operated by _______;
and that saidthe collision with plaintiff's vehicle was caused by the
negligent and careless operation of defendant's vehicle, whereby plaintiff's
vehicle was damaged and depreciated in value.
 WhereforeWHEREFORE, plaintiff demands judgment in the sum of $ ____.
FORM 7.331. STATEMENT OF CLAIM (FOR GOODS SOLD)
(CAPTION)
 STATEMENT OF CLAIM
 Plaintiff, A.B., sues defendant, C.D., and alleges: There is now due,
owing, and unpaid from defendant to plaintiff $ ____ with interest since
____________, 19__, for the following goods sold and delivered by plaintiff
to defendant between ___________, 19__, and ________________, 19__:

*1217
 (Llist goods and prices and any credits)
 WHEREFORE, plaintiff demands judgment for damages against defendant.
FORM 7.332. STATEMENT OF CLAIM (FOR WORK DONE AND MATERIALS
FURNISHED)
(CAPTION)
 STATEMENT OF CLAIM
 Plaintiff, A.B., sues defendant, C.D., and alleges: There is now due,
owing, and unpaid from defendant to plaintiff $ ____ with interest since
______________, 19__, for the following items of labor and materials
furnished to defendant at his/her request between __________________________
_______________________________, 19__, and _________________________, 19__:
 (Here list time and materials, showing charges
 therefor and any credits)
 WHEREFORE, plaintiff demands judgment for damages against defendant.
FORM 7.333. STATEMENT OF CLAIM (FOR MONEY LENT)
(CAPTION)
 STATEMENT OF CLAIM
 Plaintiff, A.B., sues defendant, C.D., and alleges: There is now due,
owing, and unpaid from defendant to plaintiff $ ____ for money lent by
plaintiff to defendant on ___________________, 19__, with interest thereon
since ______________, 19__.
 WHEREFORE, plaintiff demands judgment for damages against defendant.
FORM 7.334. STATEMENT OF CLAIM (PROMISSORY NOTE)
(CAPTION)
 STATEMENT OF CLAIM
 Plaintiff, A.B., sues defendant, C.D., and alleges:
 1. This is an action for damages which doesthat do not exceed the sum of
 $ ____ (Iinsert jurisdictional amount of court).
 2. On __________, 19__, defendant executed and delivered to plaintiff a
 promissory note, a copy being attached, in ______________ County,
 Florida.
 3. Defendant failed to pay
 (a) said note when due.; or
 (b) the installment payment due on said note on __________, 19__, and
 plaintiff elected to accelerate payment of the balance.
 4. There is now due, owing, and unpaid from defendant to plaintiff $ ____,
 on said note with interest since __________, 19__.
 5. Plaintiff has obligated himself/herself to pay his/her attorneys a
 reasonable fee for their services in bringing this action.
 WHEREFORE, plaintiff demands judgment for damages against defendant.
 Committee Notes
 1972 Amendment. Attach copy of note to each copy of the Sstatement of
Cclaim. Use 3(a) or (b) and 5 as applicable.
FORM 7.340. FINAL JUDGMENT
(CAPTION)
 FINAL JUDGMENT AGAINST (DEFENDANT'S NAME)
 It is adjudged that the plaintiff, __________________, recover from the
defendant(s), ____________________, the principal sum of $ ____plus
pre-judgment interest of $ ____

*1218
(if applicable), with costs of $ ____, making a subtotal of $ ____, that
shall bear interest at the rate of ___% a year,and in addition prejudgment
interest of $ ____ (if applicable), for which all of the abovelet execution
issue.
 ORDERED inat ___________________, Florida, on __________, 19__.
 _____________________________
 County Court Judge
Defendant's last
known address:
____________________________
____________________________
____________________________
 (OPTIONAL ENFORCEMENT PARAGRAPH)
 It is further ordered and adjudged that the defendant(s) shall complete
Florida Small Claims Rules Form 7.343 (Fact Information Sheet) and return it
to the plaintiff's attorney, or to the plaintiff if the plaintiff is not
represented by an attorney, within 45 days from the date of this final
judgment, unless the final judgment if satisfied or a motion for new trial
or notice of appeal is filed.
 Jurisdiction of this case is retained to enter further orders that are
proper to compel the defendant(s) to complete form 7.343 and return it to
the plaintiff's attorney, or the plaintiff if the plaintiff is not
represented by an attorney.
 Committee Notes
 1992 Amendment. The optional enforcement paragraph was added to facilitate
discovery.
FORM 7.341. EXECUTION
(CAPTION)
 EXECUTION
THE STATE OF FLORIDA:
To All and Singular theEach Sheriffs of saidthe State:
 YOU ARE HEREBY COMMANDED to levy on the goods and chattels, lands, and
tenements of ____________________ in the sum of $ ____ with legal interest
thereon from __________, 19__, until paid and that you have this writ before
the court when satisfied.
 WITNESS my hand and the seal of the court on ______________________, 19__.
(SEAL)
 __________________________________
 Clerk of the Court
FORM 7.342. EX PARTE MOTION AND ORDER FOR HEARING IN AID OF
EXECUTION
(CAPTION)
 EX PARTE MOTION FOR HEARING IN AID OF EXECUTION
 The judgment creditor, __________________, pursuant to Rule 7.221, Florida
Small Claims Rules 7.221, moves for an order requiring the judgment
debtor(s), ________________, to appear at a hearing in aid of execution for
the purpose of examining the judgment debtor(s) regarding his/her/their
ability to satisfy the final judgment entered in this cause and requiring
the judgment debtor(s) to complete a FACT SHEET and bring it to the hearing
in aid of execution.
 _________________________________
 Judgment Creditor

*1219
 ORDER FOR HEARING IN AID OF EXECUTION
 IT IS ORDERED AND ADJUDGED that the judgment debtor(s), _________________,
Address: _________________, shall:
 1. appear before Judge __________________ on the ____ day of ______, 19__,
at ____ o'clock __ Mm., in Courtroom _____, located at: ___________________,
Florida, to be examined as to the judgment debtor(s)'('s)(s') ability to
satisfy the final judgment entered in this cause.; and
 2. bring to the hearing all documents and papers that relate to the
judgment debtor(s)'('s) (s') financial condition and the completed,
notarized fact sheet attached hereto.
 Judgment debtor(s)'('s) (s') failure to comply with this order shall be
grounds for contempt.
 ORDERED at _____________________, ____________________ County, Florida, on
____________________, 19__.
 ________________________________
 County Court Judge
FORM 7.343. FACT INFORMATION SHEET
(CAPTION)
 FACT INFORMATION SHEET
Name: ______________________________________________________________________
Address: ___________________________________________________________________
Telephone Number: __________________________________________________________
Place of Employment: _____________________________ Salary: $ _______/_______
Social Security Number: __________________________ Birthdate: ______________
Spouse's Name: _____________________________________________________________
Spouse's Employment: _____________________________ Salary: ________/________
Spouse's Social Security Number: _________________ Birthdate: ______________
Other Income: ____________________________________ Amount: $ _______________
Number in Family: __________________________________________________________
Home Mortgage or Rent Paid to: _____________________________________________
Monthly Payments: $ ________________________________________________________
Checking Account at: _____________________________ Account # _______________
Savings Account at: ______________________________ Account # _______________
Do You Own a Vehicle? _______ Year/Make/Model: _____________________________
Vehicle ID: # ______________ Tag No: _____________ Loan: $ _________________
Please check if you own the following: Boat _____ Camper ____ Stocks/Bonds
_____ Other Real Property ____ Other Personal Property _____
Bring papers, i.e.e.g., deeds, titles, certificates, and tax returns, to
the hearing. (Explain details on the back of this sheet.)
 __________________________________
 Judgment Debtor
WITNESS my hand and official seal, this ____ day of _______________, 19__.
 _________________________________
 Notary Public
 State of Florida
My Commission expires: _______________________
FORM 7.344. ORDER TO SHOW CAUSE
(CAPTION)
 ORDER TO SHOW CAUSE
IN THE NAME OF THE STATE OF FLORIDA:
TO:

*1220
 YOU ARE HEREBY COMMANDED TO APPEAR before this court on the _____ day of
_________, 19__, at __ Mm., in Courtroom ____ at the _________________
County Courthouse, Address: ____________________, __________________,
Florida, to show cause, if any, why you should not be adjudged in contempt
of court for your failure to appear in court on the _____ day of _________,
19__, at ____ Mm., as required by the Ccourt's order issued on the ____
day of __________, 19__, for a hearing in aid of execution.
 ORDERED in Chambers, at ____________________ County, Florida, on ________,
19__.
 ___________________________________
 County Court Judge
FORM 7.345. STIPULATION FOR INSTALLMENT SETTLEMENT AND STAY AND
ORDER APPROVING STIPULATION
(CAPTION)
 STIPULATION FOR INSTALLMENT SETTLEMENT AND STAY
 AND ORDER APPROVING STIPULATION
 Plaintiff and defendant(s), by the signatures below, stipulate that
defendant(s) is/are indebted to plaintiff in the sum of $ ____ plus court
costs of $ ____, interest of $ ____, and attorneys' fees of $ ____, which
defendant(s) agree(s) to pay in installments of $ ____, the first of such
payments to be due on the ____ day of ________, 19__, and continuing each
_________ until paid in full. If the total sum is paid timely and in full,
plaintiff agrees that no judgment shall be entered against the defendant(s),
and that additional costs, interest, and attorneys' fees, if any, shall be
waived. If the defendant(s) shall default in payment hereunder, plaintiff
shall be entitled to judgment, execution, costs, interest at the rate of 12%
or at the contract rate, and attorneys' fees, after written application to
the court, without notice. Defendant(s) acknowledge(s) delivery of a true
copy hereof at ____________________, ____________________ County, Florida.
ALL PAYMENTS ARE TO BE MADE PAYABLE TO:
____________________, and mailed or delivered to:
_____________________
TIME IS OF THE ESSENCE IN THIS AGREEMENT.
________________________________ ____________________________________
Plaintiff/Attorney for Plaintiff Defendant (signature)
Telephone: _____________________ ____________________________________
________________________________ ____________________________________
BY: Address
_________________________________
 Telephone: __________________
 _____________________________
 Defendant (signature)
 _____________________________
 _____________________________
 Address
 Telephone: __________________
 ORDER STAYING CAUSE AND APPROVING STIPULATION
On the foregoing stipulation signed, delivered, and confirmed at ___________
County, Florida, further proceedings in this cause are stayed pending notice
from plaintiff that the stipulation has been fulfilled or violated.
 ORDERED at __________________, Florida, this ____ day of __________, 19__.
 ______________________________
 County Court Judge
Conformed copies furnished by hand delivery to: Plaintiff/Attorney for
Plaintiff Defendant(s)

*1221
 Committee Notes
 1992 Adoption. Many parties and attorneys litigate in various
jurisdictions in the state, and the committee felt that a standard form for
settlement would be much more convenient for the litigants and the court
system.