OTT, Judge.
Appellant sold a trailer park to appellee and received cash plus two promissory notes for $25,000 and $140,000, respectively. The larger note did not conform to the terms of the written purchase agreement and was ambiguous in some respects. The trial court reformed that note and this appeal was taken. We affirm the judgment except for the matter of interest on the reformed note.
Because of the ambiguity in the note, the court admitted parol evidence bearing upon the intent of the parties and revised the note by (1) inserting a due date in fifteen (15) years, (2) making half the principal due unconditionally, (3) limiting interest to accrue on only that portion of principal unconditionally due, and (4) making the balance of the principal due only on certain stated conditions.
At oral argument appellant narrowed the focus of her attack to the revision limiting the interest to accrue on the note. Consequently, we address here only that issue.
As prepared and signed by the parties, the pertinent portions of the note provide:
PROMISSORY NOTE
$140,000.00 Holiday, Florida January 13, 1978
FOR VALUE RECEIVED, the undersigned jointly and severally promise to pay to the order of Claire D. Carey . . the principal sum of One Hundred Forty Thousand and 00/100 ($140,000.00) Dollars together with interest thereon from January 13, 1978, at the rate of Six (6%) Per Cent per annum on the unpaid balance until paid. . . . interest payments shall be made semiannually commencing on July 13,1978.
There is no ambiguity whatsoever in the interest provision and it was error for the court to rewrite it unless the evidence clearly and convincingly revealed a mutual mistake of fact. Nussey v. Caufield, 146 So.2d 779 (Fla. 2d DCA 1962).
The only evidence on this particular point came from the attorney who negotiated the sale for appellant. He testified that interest at the rate of 6% per annum was to be paid semiannually, until maturity, on the full $140,000. Appellee at no time controverted that testimony. Consequently, the court erred in reforming the interest provision.
Accordingly, those portions of the final judgment purporting to “reform” the semiannual interest provisions of said promissory note are hereby vacated and set aside, so as to leave intact the original language of the note calling for semiannual payments of interest at the rate of 6% per annum on the principal sum of $140,000, commencing July 13, 1978. In all other respects the judgment is affirmed.
SCHEB, Acting C. J., and CAMPBELL, J., concur.