608 So.2d 129 (1992)
Sandra GEVERTZ, Appellant,
v.
Anna GEVERTZ, Appellee.
Nos. 91-2373, 92-0249.
District Court of Appeal of Florida, Third District.
November 10, 1992.
*130 Phillip J. Goldstein, Daniels & Talisman, David B. Pakula and Patrice A. Talisman, Miami, for appellant.
Stanley Jay Bartel, Miami, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
GODERICH, Judge.
The defendant below, Sandra Gevertz, appeals from a final judgment of foreclosure and from a postjudgment award of attorney's fees and costs. We reverse and remand with directions.
In March, 1977, Anna and Morris Gevertz loaned their son, Leonard, and daughter-in-law, Sandra, $20,000.00 to purchase a home. Leonard and Sandra executed a demand promissory note and a second mortgage. The note, which is expressly incorporated into the mortgage, provides, in part, as follows:
We promise to pay to the order of Morris Gevertz and Anna Gevertz, his wife, Twenty Thousand and 00/100  Dollars ... with interest thereon at the rate of 5 1/2 per cent, per annum from date until fully paid.
The mortgage provides for a ten percent (10%) interest rate for delinquent property taxes and unpaid insurance. The mortgage also contains the following provision: "said costs, charges and expenses ... shall be immediately due and payable ... and the full amount of each and every such payment shall bear interest from the date thereof until paid at the rate of ten per centum per annum."
In 1984, Sandra and Leonard were divorced and Sandra was awarded sole title to the marital home. In 1987, Anna filed a complaint seeking to have the mortgage foreclosed. Sandra answered the complaint alleging that the $20,000.00 was a gift. The trial court entered judgment in favor of Sandra declaring the mortgage and note to be void. This court, in Gevertz v. Gevertz, 566 So.2d 541 (Fla. 3d DCA 1990), reversed the trial court's judgment and remanded with directions to enter a judgment of foreclosure. On remand, the issues to be determined by the trial court included the date of default, the applicable prejudgment and postjudgment interest rates, and the amount of attorney's fees and costs.
On remand, the trial court determined that the ten percent (10%) interest rate provided for in the mortgage for delinquent taxes, delinquent insurance, fees and costs was intended to be the general default rate of interest. Accordingly, the trial court entered its final order of foreclosure ordering that Anna was entitled to recover $20,000.00, plus prejudgment interest at a rate of ten percent (10%) per annum. Additionally, the trial court ordered that postjudgment interest would accrue at the rate of ten percent (10%) per annum.
The trial court, on remand, also heard the issue of attorney's fees and costs at three separate hearings. During the hearings, the attorneys submitted affidavits that included entries describing the nature *131 of services performed, the date the services were performed and the amount of time spent for each service. Sandra argued that the hours being claimed by Stanley Jay Bartel, Anna's attorney, were excessive when considering that all that he had to do after remand was obtain a judgment foreclosing the $20,000.00 mortgage. During the hearing, Anna's expert witness, Sheldon Evans, testified that the hours claimed by Bartel were reasonable. However, in a prior deposition, Evans testified that no more than 40 hours were reasonable when considering that all that Bartel had to do was obtain a judgment of foreclosure for $20,000.00. Sandra's expert witness, Harvey Ziegler, testified that 35-40 hours were reasonable for Bartel's services.
The trial court awarded Anna fees and costs totalling over $34,000.00, plus interest at a rate of 12% per annum. This award represents, in part, $25,300.00 to Stanley J. Bartel, who represented Anna during the appeal and after remand. Bartel received compensation for 126.50 hours at a rate of $200.00 per hour. Bartel requested fees for 189 hours. However, the trial court excluded 63 hours which were related to Bartel's services in the appeal which were not compensable.
First, Sandra contends that the trial court erred in applying a ten percent (10%) prejudgment and postjudgment interest rate on the unpaid mortgage debt. We agree.
The note, which expressly incorporates the mortgage, is unambiguous as to the applicable prejudgment and postjudgment interest rates on the unpaid mortgage debt. The note and mortgage clearly provides that interest accrues "at the rate of 5 1/2 per cent, per annum from date until fully paid." (emphasis supplied). See Annotation, Rate of Interest After Maturity on Contracts Fixing Rate "Until Payment", 6 A.L.R. 1196, 1197 (1920) ("the holding of the reported case (Agency of Canadian Can and Foundry Corp. v. American Can Co., [258 F. 363 (2d Cir.1919)]) that `if the parties agree upon the rate of interest until the money is paid, or until date of payment, that agreement is controlling and fixes the measure of damages upon default,' is supported by the great majority of the cases in the United States in which this question has arisen."); see also, 47 C.J.S. Interest & Usury § 40(a) (1982). Therefore, since there was no ambiguity as to the applicable prejudgment and postjudgment interest rates, the trial court's application of any interest rate other than five and one half percent (5 1/2) constitutes a rewriting of that provision. The trial court erred in rewriting an unambiguous provision. See Carey v. Carey Inv. Corp. Inc., 385 So.2d 154 (Fla.2d DCA 1980).
Next, Anna correctly concedes that the trial court erred in applying a 12% interest rate on the fees and costs where the mortgage unambiguously provides for a ten percent (10%) interest rate.
Finally, Sandra contends that the $25,300.00 attorney's fee award to Bartel for his services was error. We reverse and remand for further proceedings.
An attorney is entitled to compensation for his services only for the number of hours reasonably spent on the case. The Supreme Court of Florida, in In re Estate of Platt, 586 So.2d 328 (Fla. 1991), stated:
According to Rowe, the first step requires the court to determine the number of hours reasonably expended in providing the service. "Reasonably expended" means the time that ordinarily would be spent by lawyers in the community to resolve this particular type of dispute. It is not necessarily the number of hours actually expended by counsel in the case. Rather, the court must consider the number of hours that should reasonably have been expended in that particular case. The court is not required to accept the hours stated by counsel. In this respect, the magnitude of the case should be a consideration. For example, it will not ordinarily be reasonable to spend as much legal time on a case as the amount of money in dispute. The lawyer could not reasonably charge the client that much, and the fee could not be justified simply because someone else is required to pay it.
*132 In re Estate of Platt, 586 So.2d at 333-34 (emphasis in original); see also Miller v. First American Bank and Trust, 607 So.2d 483 (Fla. 4th DCA 1992).
In the instant case, Bartel played a very limited role in the foreclosure action after remand. As stated earlier, this court remanded with directions to enter a judgment of foreclosure. On remand, there were only four issues which needed to be addressed: 1) the date of default; 2) the applicable prejudgment and postjudgment interest rates after default; 3) the amount of reasonable attorney's fees and costs; and 4) the applicable interest rate on the attorney's fees and costs. For this limited role, Bartel was awarded $25,300.00.[1] This award, by the way, also exceeds the amount of the principal debt that was foreclosed. We remand this cause for a determination of "the number of hours that should reasonably have been expended" on this action. Platt, 586 So.2d at 333-34.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
NOTES
[1] At oral argument, Bartel conceded that the trial court's award included 14 hours that were counted twice, therefore, on remand, the trial court must adjust the award of attorney's fees accordingly. On remand, the trial court is also to take into consideration that 32 of the 126.5 hours were spent on litigating the attorney's fees issue.