662 So.2d 391 (1995)
Robert MILLER, Appellant,
v.
Susan MILLER, Appellee.
No. 94-2788.
District Court of Appeal of Florida, Fifth District.
November 3, 1995.
Tanya Plaut, of Law Offices of Tanya Plaut, P.A., Orlando, for Appellant.
Gary Shader of Shader & Wilson, Maitland, for Appellee.
W. SHARP, Judge.
Robert Miller appeals from a final judgment dissolving his seventeen-year marriage to Susan Miller. On appeal, Robert challenges the trial court's evaluation and distribution of marital assets and the propriety of awarding permanent alimony to Susan. We find no abuse of discretion in these matters.[1] However, we agree with Robert that the total of the court-ordered obligations imposed on him endangers his financial status. Accordingly, we reverse and remand to the trial court for reconsideration of this issue.
The parties were married in 1977 and have one daughter, who is now sixteen years old. Robert is a pharmacist and Susan is a homemaker and part-time algebra tutor. During the marriage, Robert formed a company, *392 Healthcare Consultants, Inc., which provides pharmacists for various businesses on a temporary basis. Healthcare has steadily grown over the years and its gross sales were over 2 million dollars in 1993.
Both parties retained experts to value Healthcare. Robert's expert valued the company at $414,410, but applied a "marketability discount." That is, the expert discounted the value of the business because its stock is privately held and there is no ready market for it. Susan's expert valued the company at $391,000 but did not apply a marketability discount. Her expert testified that a marketability discount was not justified because Healthcare was very marketable  it was producing a very high rate of return and high income and could be readily sold.
The trial court valued Healthcare at $414,410 but did not apply the marketability discount. The court deducted capital gains tax from Susan's one-half interest in the business which resulted in an equitable distribution to her of $149,188. The court accepted Robert's evaluation of the marital home of $156,000 and awarded it to Susan. In order to equalize the assets, Robert was required to pay Susan an additional $6,612, for a combined total of $155,800. The court required Robert to pay Susan this amount over a period of sixty months at the rate of $2,596.67 per month plus interest at twelve percent until fully paid.
Given the testimony of the ready marketability of Healthcare, we find that the trial court did not abuse its discretion in declining to apply the marketability discount. We have also previously held that the imposition of interest on payments to be made in an equitable distribution is a discretionary matter with the trial court. Rey v. Rey, 598 So.2d 141 (Fla. 5th DCA 1992).
However, we do find that the total of the court-imposed obligations exceeds Robert's available resources, short of forcing a sale of the pharmacy business. The parties stipulated that Robert earned $121,500 per year or $10,125 per month. After deducting social security, medicare and withholding for income tax, Robert was left with about $7,000 per month. From this amount, Robert was ordered to pay $1,746 in alimony, $1,122 in guidelines child support, $167 for dance lessons for the parties' daughter, medical insurance benefits for the parties' daughter not to exceed $150 per month, and counseling sessions for the daughter at $40 per session for five months. Robert was also required to maintain life insurance to secure payment of the alimony, child support and equitable distribution payments. Finally, Robert was ordered to pay Susan her portion of Healthcare in the amount of $2,597 per month plus twelve percent interest, which Robert calculated as averaging $795 per month. After payment of these court-imposed obligations, Robert only has about $400 to $500 for his personal expenses.
Since we find no abuse of discretion in the amount of permanent alimony and child support (which was the guidelines amount), we remand solely for the purpose of reducing Robert's total payment obligations as to the equitable distribution payout. The trial court may wish to consider spreading the payments out longer over time or reducing them for the immediate future while Robert still has his child-support obligations. The trial court is also free to consider imposing a rate of interest less than twelve percent, in view of the statutory change in calculating interest. See § 55.03(1), Fla. Stat. (Supp. 1994).[2]
REVERSED and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] See Walter v. Walter, 464 So.2d 538 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Mundy v. Mundy, 498 So.2d 538 (Fla. 1st DCA 1986); Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986).
[2] The legal rate of interest for 1995 is eight percent.