677 So.2d 1361 (1996)
Aubrey D. WHITEHURST, Jr. and Mary E. Whitehurst, Appellants,
v.
Charles E. CAMP and Glenda L. Camp, Appellees.
No. 95-3266.
District Court of Appeal of Florida, First District.
August 14, 1996.
*1362 Bill A. Corbin, Blountstown, for Appellants.
No appearance by Appellees.
VAN NORTWICK, Judge.
Audrey D. Whitehurst, Jr. and Mary E. Whitehurst appeal a final summary judgment foreclosing upon certain real and personal property of appellees, Charles E. Camp and Glenda L. Camp, which was the subject of an agreement for deed between the parties. The Whitehursts argue that the trial court erred in not utilizing the so-called "fast track" procedure for foreclosures under section 702.10, Florida Statutes (1995), in setting post-judgment interest at 8 percent per annum, as determined pursuant to subsection 55.03(1), Florida Statutes (1995), rather than the 10 percent interest rate set forth in the agreement for deed, and in assessing less than the full amount of requested fees and costs. We affirm on all issues, but find that the issue relating to the award of post-judgment interest requires further discussion.
The Whitehursts contend that the provisions of subsection 55.03(1) require the trial court to apply the interest rate contained in the agreement for deed when awarding post-judgment interest, rather than the statutory rate computed by the state comptroller. We cannot agree. Although section 55.03(1) allows the parties to contractually set the rate of post-judgment interest, a contractual provision, as here, which sets only the rate of interest for the debt does not also govern the rate of post-judgment interest. To contractually set the interest rate applicable to a judgment or decree arising from a contract, the parties must expressly provide that the specified rate governs post-judgment interest.
Post-judgment interest did not exist at common law and is solely a matter of legislative creation. See, e.g., Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 840, 110 S.Ct. 1570, 1578, 108 L.Ed.2d 842 (1990)("At common law, judgments do not bear interest; interest rests solely upon statutory provisions."). Under section 55.03(1), Florida Statutes (1995), as of January 1st of each year, the comptroller of the State of Florida sets the rate of interest payable on judgments and decrees. Subsection 55.03(1) further provides that "[n]othing contained herein shall affect a rate of interest established by written contract or obligation."
The agreement for deed in the instant case provides that the Camps would pay the Whitehursts "Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00) ... with interest at the rate of 10 per centum (10%) per annum payable on the whole sum remaining from time to time unpaid." The agreement for deed contains no provision, however, expressly governing the payment of interest on any judgment entered pursuant to the agreement.
As this court recognized in Ghanbari v. Perrault, 651 So.2d 1257, 1257-58 (Fla. 1st DCA 1995), as a general rule
... the debt bears interest at the contract rate to the date of the final decree. After the date of the decree, the total indebtedness, including principal and interest, attorneys fees, and expenses adjudged by the decree to have been incurred, bears interest at the statutory rate applicable to judgments and decrees generally.
(quoting, 37 Fla. Jur.2d, "Mortgages" § 333). This rule has long been a part of Florida law. See, American Securities Co. v. Goldsberry, 69 Fla. 104, 67 So. 862, 867 (1915). It results from the application of the doctrine of merger by which the cause of action on the debt and damages recoverable on it merge into any judgment entered on the cause of action. Jax Ice & Cold Storage Co. v. South Florida Farms Co., 91 Fla. 593, 609, 109 So. 212, 218 *1363 (1926); Gilpen v. Bower, 152 Fla. 733, 12 So.2d 884, 885 (1943)("[A] debt reduced to a judgment ... merges into the latter and loses its identity."). Thus, upon the entry of the judgment, the judgment does not bear interest as a debt or a cause of action, but as a judgment. As a result, on entry of the judgment the lender can no longer charge the contractual interest, but is entitled only to statutory interest. Sciandra v. First Union National Bank of Florida, 638 So.2d 1009, 1010 (Fla. 2d DCA 1994)(Altenbernd, J., concurring).
Although subsection 55.03(1) authorizes the parties to establish the post-judgment interest rate by contract, significantly the statute does not provide that the applicable contract interest rate also governs the post-judgment rate for judgments based on the contract.[1] Thus, because a judgment is an obligation separate from the underlying contractual debt, to contractually set the rate of post-judgment interest the parties must expressly provide that the agreed interest rate also applies to any judgment or decree entered on the underlying debt.[2] Since the terms of the instant agreement for deed set the rate of interest only for the indebtedness that is the subject of the cause of action, and not for any judgment resulting from the cause of action, the 8 percent statutory rate applies.
AFFIRMED.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Compare, for example, the last sentence of subsection 55.03(1), Florida Statutes (1995), with subsection 15-1-4(1) of the Utah Code ("Any judgment rendered on a lawful contract shall conform to the contract and shall bear the interest agreed upon by the parties....").
[2] To the extent that Gevertz v. Gevertz, 608 So.2d 129 (Fla.3d DCA 1992), holds that the contract rate of interest is applicable to both prejudgment and post-judgment interest rates, with respect, we believe that Gevertz is wrongly decided. While the case on which Gevertz relies, Agency of Canadian Car & Foundry Co. v. American Can Co., 258 F.363 (2d Cir.1919), does hold that "if the parties agree upon the rate of interest until the money is paid, or until date of payment, that agreement is controlling and fixes the measure of damages upon default," id. at 373, it also makes clear that, under its holding, the contract rate is applied only "until the decree is entered" because "the contract rate came to an end when judgment was entered and the liability under it was gone, being merged in the judgment...." Id. at 374. We certify the direct conflict with Gevertz pursuant to Article V, section 3(b)(4), of the Florida Constitution.