COBB, Judge.
The sole point on appeal concerns whether the trial court erred in denying the plaintiff, Roger’s Cushions, Inc., post-judgment interest at the parties’ agreed contract rate (18%) and in setting post-judgment interest at the rate set by statute, section 55.03, Florida Statutes.
In February, 1993, the parties to this action entered into a guaranteed financing agreement to facilitate Engineered Plastics, Inc./P.V.C. Chair Company of Atlanta’s periodic purchase of goods from the plaintiff. The defendant, Terrance Baroody, personally guaranteed the financing agreement on behalf of Engineered Plasties, Inc./P.V.C. Chair Company of Atlanta. Paragraph 1 of the agreement expressly provides:
1. I (we), the undersigned, agree to pay [appellant] for goods according to [appellant’s] terms, which are: NET CASH on the 10th of the month after date of sale. If not paid by the 10th of the following month, the account is past due and the [sic] I(we), undersigned, agree to pay interest on the unpaid balance in the amount of 1.5% per month or the highest rate allowable by law, whichever is lower, until the account is paid in full.
[Emphasis added].
When Engineered Plastics failed and refused to pay the plaintiff the sum of $24,- *543 347.41 for goods purchased, the plaintiff, on July 18,1995, filed suit against the defendant on his personal guarantee of the unpaid debt.
The trial court entered final judgment for the plaintiff but denied the plaintiffs motion to set interest on the judgment at the contract rate. Instead, the court set the interest rate of post-judgment interest at 8%.
Section 55.03(1), Florida Statutes (1995) governs the rate of interest on judgments and provides:
(1) On December 1 of each year beginning December 1,1994, the Comptroller of the State of Florida shall set the rate of interest that shall be payable on judgments or decrees for the year beginning January 1 by averaging the discount rate of the Federal Reserve Bank of New York for the preceding year, then adding 500 basis points to the averaged federal discount rate. The Comptroller shall inform the clerk of the courts and chief judge for each judicial circuit of the rate that has been established for the upcoming year. The initial interest rate established by the Comptroller shall take effect on January 1, 1995, and the interest rate established by the Comptroller in subsequent years shall take effect on January 1 of each following year. Judgments obtained on or after January 1, 1995, shall use the previous statutory rate for time periods before January 1, 1995, for which interest is due and shall apply the rate set by the Comptroller for time periods after January 1, 1995, for which interest is due. Nothing contained herein shall affect a rate of interest established by written contract or obligation. (Emphasis added).
Thus, as of January 1, 1995, the applicable statutory interest rate on judgments was set by the state comptroller. For the year 1995 the legal rate of interest was 8%. Miller v. Miller, 662 So.2d 391 (Fla. 5th DCA 1995). The issue in this ease concerns the effect of the statutory language that “Nothing contained herein shall affect a rate of interest established by written contract or obligation.” The written agreement between these parties provided for a specific rate of interest applicable to unpaid balances (1.5% per month or 18% per year). The trial court believed that section 55.03(1) contains “some ambiguity” and refused to permit an 18% post-judgment rate of interest.
In regard to this issue, we agree with the recent opinion of the First District in White-hurst v. Camp, 677 So.2d 1361 (Fla. 1st DCA 1996) wherein they stated:
Although section 55.03(1) allows the parties to contractually set the rate of post-judgment interest, a contractual provision, as here, which sets only the rate of interest for the debt does not also govern the rate of post-judgment interest. To contractually set the interest rate applicable to a judgment or decree arising from a contract, the parties must expressly provide that the specified rate governs post-judgment interest.
AFFIRMED.
PETERSON, C.J., and SHARP, W., J., concur.